THE STATE EX REL. BROOKE B. BENSBERG, FERDINAND A. BENSBERG, ELIZABETH B. BENSBERG and CATHERINE HAIGHT v. MARY BENSBERG, Individually and as Administratrix of Estate of FRANCIS E. BENSBERG, and HELEN BENSBERG, and MOSES HARTMANN and GEORGE E. MIX, Judges of Circuit Court.—19 S. W. (2d) 637.

Court en Banc, June 29, 1929.

*H. J. Mueller, John A. Moore·* and *D. J. O'Keefe* for relators.

174

*Taylor R. Young, John C. Vogel* and *Abbott, Fauntleroy, Cullen & Edwards* for respondents.

WHITE, C. J.—The relators filed their petition in this court praying for writ of prohibition to restrain the respondents, judges sitting in Division Two of the Circuit Court of the City of St. Louis, from proceeding with Case No. 118642, wherein relators are defendants,

on the alleged ground that the said court has no jurisdiction of the persons defendant, nor of the subject-matter of the action.

The respondents file their return to the preliminary rule in prohibition and to that return the relators separately demurred. Therefore the case must be determined upon the allegations of the return which contains the petition in case No. 118642, entitled:

"In the Circuit Court of the City of St. Louis,
State of Missouri.
October, 1927, Term.
No. 118642. Div. No. 2.

"Mary Bensberg, individually and as administratrix of the estate of Francis E. Bensberg, deceased, and Helen Bensberg, Plaintiffs, v.

"Ferdinand A. Bensberg, Brooke B. Bensberg, the 2nd, alias Brooke B. Bensberg, No. 2, alias Betsy B. B. Bensberg; Elizabeth B. Bensberg, Ferdinand A. Bensberg, trustee under the last will and testament of Catherina Bensberg, deceased; and Ferdinand A. Bensberg, James Pye and D. J. O'Keefe, composing the last known board of directors and trustees of the Gardale Realty & Investment Company, a defunct Missouri corporation, and Catherine Haight and Title Guaranty Trust Company, as trustee for George E. Harris in a certain deed of trust recorded in the office of the Recorder of Deeds within and for the City of St. Louis, State of Missouri, in book 3077, at page 63, and Henry L. Cornet, as trustee for William R. Cody in a certain deed of trust recorded in the office of the Recorder of Deeds within and for the City of St. Louis, Missouri, in Book 2141, at page 459, and William R. Cody and George E. Harris, Defendants."

From that petition it appears that Catherina Bensberg died a resident of St. Louis, September 18, 1905, testate, leaving as her heirs at law William J. Bensberg, a son, Francis E. Bensberg, a son, Kate Bensberg Barracchia, a daughter, Ferdinand A. Bensberg, a son, Robert Bensberg and Dola Bensberg Kemp.

William J. Bensberg was deceased; Francis E. Bensberg was deceased, and plaintiff Mary Bensberg was administratrix of his estate, and plaintiff Helen Bensberg his sole heir at law.

By her will Catherina Bensberg devised to defendant Ferdinand A. Bensberg all her property, real, personal and mixed, in trust for a period of ten years only, and at the expiration of ten years one-fifth of the estate and all income and increase thereof should go to Francis E. Bensberg. Thus the plaintiffs in the case are claiming one-fifth interest in that estate, as administratrix of the estate and heir of Francis E. Bensberg. That is the only interest involved.

The petition further alleges that Ferdinand A. Bensberg, his wife Elizabeth B. Bensberg, and his daughter Brooke B. Bensberg, the relators, are now residents of the County of Los Angeles, State of

California. The petition describes certain real estate in the city of St. Louis, and alleges that Catherine Haight, defendant, is tenant in possession of said real estate, and the title to the same is in Brooke B. Bensberg; that the defendant Gardale Realty Company is a defunct Missouri corporation; that the Title Guaranty Trust Company is trustee in a deed of trust, covering the real estate in St. Louis, described, securing certain notes.

I. The relators filed in this court a motion to strike from the files the statement, brief, points and authorities, of the respondents, on the ground that it was not served on the relators in compliance with Rule 15; that it was served only five days before the case was called for hearing. This motion was taken with the case.

There is no such remedy provided for the violation of Rule 15. Under Rule 16, at the option of the respondent in such case, the cause may be continued or the appeal or writ of error dismissed. The relators asked and obtained leave to file a reply brief within five days after the hearing; they did file such reply brief satisfactory to them. We take it that the relators in asking leave to file reply brief *after* the hearing, waived their right to complain of the failure of respondent to serve their answering brief within the time required by Rule 15. They are not hurt by it. The motion is therefore overruled.

II. Relators complain that the circuit court did not have jurisdiction of the subject-matter of the action. Section 1196, Revised Statutes 1919, provides for order of publication, "in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court."

We are to determine whether the allegations of the petition bring the case within the terms of that statute. It alleges that Ferdinand A. Bensberg, as executor under the will of Catherina Bensberg, took possession of all the property of her estate and entered upon the performance of his duties; that the property consisted of real estate, stocks and bonds, situated in the City of St. Louis, State of Missouri; that as executor he was discharged March 8, 1906, and then took possession of said property as trustee under the provisions of the will; that he has never resigned nor renounced his trusteeship, and ever since has had and now has possession and control of the said estate as trustee.

The petition further alleges that in August, 1915, before the termination of the trust of ten years, created by the will, Ferdinand

A. Bensberg, Elizabeth Bensberg, and Brooke B. Bensberg (relators here), entered into a conspiracy for the purpose of depriving Francis E. Bensberg of all his right as an heir and beneficiary under the will of the said Catherina Bensberg; that in furtherance of the conspiracy they organized the Gardale Realty Company, under the laws of the State of Missouri, and caused all of the stocks, merchandise, cash, bonds, notes and choses in action, and all other assets of the Bourbon Mercantile Company, a corporation then owned by said estate, together with the two parcels of real estate situated in the city of St. Louis, State of Missouri, of the reasonable market value of five hundred thousand dollars, to be conveyed to said Gardale Realty & Investment Company, except certain assets belonging to said estate appropriated by said Brooke B. Bensberg and Elizabeth Bensberg; that in furtherance of the conspiracy the defendants, relators here, caused said Gardale Realty & Investment Company to convert into cash all the real estate belonging to the said estate of Catherina Bensberg except certain property in St. Louis; that said cash and securities were received by the defendants, relators here, who now have the same. The petition then describes certain real estate in Los Angeles County, California, in which some of the assets were invested.

That on January 21, 1922, the defendants, each of them, caused to be conveyed to the defendant Brooke B. Bensberg, certain real estate in the city of St. Louis, described and known as 3520 Washington Avenue, which real estate belonged to the estate of Catherina Bensberg, deceased, and that the defendants held the same in trust for these plaintiffs and other beneficiaries of the estate of Catherina Bensberg, deceased.

The petition makes other allegations as to the conversion by defendants of the other assets of the estate of Catherina Bensberg through the instrumentality of the Gardale Realty Company; alleges that the defendant Catherine Haight is in possession of real estate at 3520 Washington Avenue and is paying rent thereon to Brooke B. Bensberg or Ferdinand A. Bensberg, and the income derived therefrom is being converted to their own use by the defendants Bensberg.

It is further alleged that in October, 1908, Ferdinand Bensberg conveyed the real estate last mentioned to Henry L. Cornet, as trustee, to secure certain notes to William R. Cody, both of whom are made defendants in the suit. The petition then prays that the defendant Catherine Haight be enjoined from paying the rents on the property No. 3520 Washington Avenue to the defendants or either of them, and that the title of that property be divested out of Brooke B. Bensberg, and that the notes to secure all mortgages on real estate be canceled and for naught held and that a receiver be ap-

pointed to take charge of all the real estate belonging to the trust estate to manage the same pending the final hearing of this cause. The allegations of the petition bring the case clearly within the provisions of Section 1196, and gives the court jurisdiction of the cause.

The relators complain that the real purpose of the action is to secure an accounting from Ferdinand A. Bensberg and that the divestiture of the title to the real estate in St. Louis is but incidental, that an accounting on the entire trust estate must first be had before the title to the real estate in St. Louis may be effected by a decree.

There may be allegations in the petition regarding the trust property in the hands of the defendant Ferdinand A. Bensberg as trustee, of which the circuit court could not assume jurisdiction. Whether, besides the real estate mentioned, other assets, personal property, etc., are within the jurisdiction of the court it is unnecessary to inquire. The object and purpose of the suit is to secure to the plaintiffs their interest in the estate of Catherina Bensberg, including the real estate described, in St. Louis. Whether the plaintiffs may in this suit reach all of the assets or not, the trial court may entertain the claim of the plaintiffs for the assets within the jurisdiction of the court. Even if an accounting must be had of the entire estate before the remedy can be applied, still the object and purpose of the suit, its ultimate end and aim, is to secure to the plaintiffs their interest in the real estate, and other property, if there is any, within the jurisdiction of the court. If in fact a complete investigation of the entire trust estate must be had in order to ascertain the plaintiffs' interest in the property of which the court has jurisdiction, and if the relators' position is correct that the petition in the circuit court asserts claim to property over which the court cannot exercise jurisdiction, it would not affect the right of the court to adjudicate plaintiffs' claim to the property within its jurisdiction. The Circuit Court of the City of St. Louis had jurisdiction of the subject-matter of the action.

III. The relator contends that respondent judges did not acquire jurisdiction of No. 118642, because service was not had upon the defendants, relators here, in accordance with the requirements of Section 1204, Revised Statutes 1919. That section provides that substituted personal service may be had in cases mentioned in Section 1196, by causing a copy of the petition and summons to be delivered to each defendant residing or being without the State and within the United States or their territories, etc., and ''such service may be made by any officer authorized by law to serve processes within the state or territory where such service is made, and shall be proved by the af-

fidavit of such officer, stating the time and manner of such service, made before the clerk or judge of the court of which the affiant is an officer. Such clerk or judge shall certify to the official character of the affiant, and to his authority to serve process within the state or territory where such service was made.''

The statute then provides that the certificate shall be attested by the seal of the court, etc.

In this case a copy of the summons and the petition were served upon each of the defendants Brooke B. Bensberg, Ferdinand A. Bensberg and Elizabeth B. Bensberg by H. W. Thompson, Deputy Sheriff of Los Angeles County. His return and affidavit shows that he made such service under and by virtue of the authority and direction of William I. Traegler, sheriff of said county, and to this is appended the affidavit of the Clerk of the Superior Court, a court of record within the County of Los Angeles, State of California, that William I. Traegler was then the duly elected and qualified and acting sheriff of the county, and that H. W. Thompson was the regularly appointed and acting deputy sheriff of said county and duly authorized, and had full power and authority under and by virtue of the laws of California to serve processes within said state. The statute is literally complied with so far as the service and the proof of service is concerned.

The relator cites Priest v. Capitain, 236 Mo. 446, where a proof of service was held insufficient because the officer's official character was certified by the deputy clerk instead of the clerk, while the statute requires that it shall be made by the clerk or the judge of the court. A strict compliance with the statute is required. There is no such objection to the execution of the service by the deputy sheriff because he is an officer authorized to execute such service in the State of California, as well as the sheriff, and our statute provides that service may be had by any officer authorized to serve processes within the State.

Relators make the further objection that the summons is directed ''to any officer authorized by law to serve process within the State of California,'' and claims it is insufficient because it does not designate the particular officer to whom the summons is directed. This form is directly within the terms of the statute, and is therefore sufficient. It is not required that the party filing a suit which may require immediate service shall go to the trouble of inquiring particularly what particular officer is available for the execution of the service. It is sufficient that the service is executed by the proper officer. The service of process under provision of Section 1204 means of course the service of summons in the form provided in Section 1186.

Section 1185 provides that the summons "shall be directed to the officer to be charged with the execution thereof . . . in all cases where it is not otherwise provided by law."

In this case it *is* otherwise provided by law in Section 1204, and therefore the officer to whom it is directed need not be named. The service upon the defendants in the injunction suit is therefore good.

The preliminary rule is discharged. All concur.