In re the MARRIAGE OF James M. BREEN, Petitioner-Appellant,

and

Sandra K. Breen, Respondent-Respondent.

No. KCD 29035.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1977.

P. Wayne Kuhlman, Liberty, for petitioner-appellant.

No respondent's brief filed.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The plaintiff husband commenced an action by publication in Clay County against the wife for dissolution of marriage, disposition of the marital property and for custody of the infant daughter. The affidavit for service by publication alleged that the wife left the residence some months before and that her present address was unknown.

The petition alleged domicile in Clay County and described the marital real estate held by the entireties in that county. The defendant wife made no answer and the cause went by default. The evidence proved these allegations of the petition and that the wife had deliberately abandoned the marriage domicile with the intention not to return.

The court found the marriage irretrievably broken and ordered dissolution and custody of the infant to the father but considered that, in the absence of personal service on the defendant, he was without jurisdiction to divide the marital property. The husband appeals from that latter determination.

The Dissolution of Marriage Act provides [§ 452.330] that in a proceeding for dissolution a court with jurisdiction to dispose of the property shall divide the marital property fairly between the spouses. The law does not in terms say how judicial jurisdiction over the parties and the marital property shall be obtained but specifies [§ 452.-310] that all proceedings under the Act are commenced in the manner provided by the rules of the Supreme Court. Rule 54.12 provides that in civil actions which affect specific property, or any res or status within the jurisdiction of the court, service of process may be made as allowed by Rule 54.13 for personal service within the state, by Rule 54.14 for personal service outside the state, by Rule 54.15 for service upon certain state officers, by Rule 54.16 for

service by mail, and by Rule 54.17 for service by publication.

■ A proceeding for dissolution of marriage—as was the predecessor suit for divorce—is a statutory action sui generis, a remedy at law determined on principles of equity. *Allen v. Allen*, 433 S.W.2d 580, 584[8–11] (Mo.App.1968). The traditional law created marriage as the consent between a man and woman to discharge those duties the law imposed on the relation of husband and wife. *Banks v. Galbraith*, 149 Mo. 529, 51 S.W. 105, 106 (1899); 55 C.J.S. Marriage § 1. Thus, by that view marriage was a contract, but pre-eminently a special status beyond mere contract. The more contemporary Dissolution of Marriage Act treats the marriage as a shared economic enterprise as well as a special status, and so gives a nearer parity to both incidents of that unique relation. *Corder v. Corder*, 546 S.W.2d 798, 803[3] (Mo.App.1977); Krauskopf, Division of Property, 41 Mo.L.R. 165, 171 (1976). An action for dissolution of marriage [or for absolute divorce under the earlier practice], therefore, does not present an ordinary adversary proceeding but an amalgam of contractual right and status.

■ Insofar as such a proceeding affects certain contract aspects of the marriage [such as the right to money alimony under the former practice—or maintenance under the present procedure] the action is in personam and requires personal service or presence of the other spouse for valid judgment. *State ex rel. Miller v. Jones*, 349 S.W.2d 534, 537[5–9] (Mo.App.1961); *Ellison v. Martin*, 53 Mo. 575, 578 (1873); § 452.335; Ruhland, Maintenance and Support, 29 Journal of Missouri Bar 516 (1973). Insofar as such a proceeding affects status only [such as the marriage itself or custody of children of the marriage], the action is in rem—or at least quasi in rem—and requires for valid judgment only that the res be before the court on proper notice. *Beckmann v. Beckmann*, 358 Mo. 1029, 218 S.W.2d 566, 569[1–5] (banc 1949); *Coffey v. Coffey*, 71 S.W.2d 141, 142[6] (Mo.App. 1934). That is merely to say that the tribunal must have jurisdiction over the person

of the defendant to adjudicate a personal liability against him, and must have jurisdiction over the thing—be it status or specific property—to affect the interest of the defendant in that thing. Restatement of Conflict of Laws 2d, § 27 et seq. and § 56 et seq.

■ A court had no power by the former practice in divorce proceedings to adjudicate the property rights of the parties. Nor could a court get such a power until so endowed by law. *Bishop v. Bishop*, 151 S.W.2d 553, 556[2–4] (Mo.App.1941). This authority was granted Missouri tribunals for the first time by the enactment of § 452.330 of the Dissolution of Marriage Act. The adjudication of that new remedy on conventional principles depends upon the situs and nature of the property to be divided. It is a virtually universal rule that immovable property—such as real estate—is subject exclusively to the laws of the government within whose territory the property is located. It is an equally firm rule that the law of the situs determines the acquisition, disposition and devolution of the real property. *Wass v. Hammontree*, 77 S.W.2d 1006, 1009 (Mo.1934); 15A C.J.S. Conflict of Laws § 19(1). And this power of a state to adjudicate interests in land within the territory may be validly exercised even though [contrary to the determination by the circuit court] the person who claims these interests is not personally before the court. Restatement of Conflict of Laws 2d § 59. That is because for a valid judgment in rem traditional due process requires only that the sovereignty which adjudicates have physical power over the res directed against and that the law of the sovereignty provide a mode of service to notify persons whose interests are to be affected by the proceedings and to allow opportunity to be heard. Leflar, American Conflicts Law § 20 (3d edition 1977).

■ The authority of the circuit court to proceed in rem to act upon the title to the real estate of the husband and wife in a dissolution proceeding, therefore, derives as

it must from the sovereign lawmaker.[1] § 452.330. And the means to subject the res to the control of the court for that purpose by proper process also derives from the law, in this case, Rules 54.12 and 54.17.

On these principles the circuit court of Clay County had competent judicial jurisdiction to affect the title of the absent wife to the marital property on the petition for dissolution by the husband once that res was brought within the control of the court by lawful process. Rule 54.12. This the husband accomplished by compliance with the terms of Rule 54.17 for service by publication any notice which informed of: the commencement of the action, the object and nature of the proceeding, a description of the property to be affected, the name of the court and the names of the parties to the action, the name and address of the attorney, the advice that judgment by default would be taken against the wife unless the defendant wife filed an answer within forty-five days of publication, and the date of the first publication. This procedure, according to conventional due process, allows rendition of a valid judgment in rem as to the title of real estate, marital status, or any other thing authorized by law [Rule 54.12] to be brought before the court by that method. *Stone v. Stone*, 134 Mo.App. 242, 113 S.W. 1157 (1908); *State ex rel. Bensberg v. Bensberg*, 323 Mo. 171, 19 S.W.2d 637 (banc 1929).

■■■ These perennial rules of due process for judgments in rem and quasi in rem have been reordered by the United States Supreme Court very recently in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).[2] The long history of jurisdiction in rem based solely on the presence of property within a sovereign territory [*Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877) and *Harris v. Balk*, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905)] has given place to the principle of *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) that the power to adjudicate, whether in personam or in rem, depends upon the contacts among the defendant, the forum and the litigation. *Shaffer v. Heitner*, 432 U.S. 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683, 1. c. 698, 699. This view rejects the traditional distinction between a judgment in personam and a judgment in rem which rests upon the fiction that a proceeding against the property is not a proceeding against the owners of that property. *Shaffer v. Heitner*, 432 U.S. 205, 97 S.Ct. 2569, 2581, 53 L.Ed.2d 683, 1. c. 698. It acknowledges, rather that property is a legal relationship between a person and a thing. "It is an ownership which a person has in a thing. Whether a judgment operates in rem or in personam, it operates upon the rights [or claims] and obligations of persons." Leflar, American Conflicts Law § 19 (3d edition

1. The transfer of title to real estate by judicial act on constructive notice does not describe a new power. It has been authorized in numerous statutory actions to affect real estate, among them, suits to quiet title [§§ 527.150 and 527.250; *Simms v. Thompson*, 291 Mo. 493, 236 S.W. 876, 882[5, 6] (banc 1922); suits for partition [§§ 528.010 and 528.090], and also those other actions described in note 12 of the annotated § 506.160.

2. The plaintiff nonresident brought a shareholder's suit against a Delaware corporation and a number of directors and officers of the defendant corporation, nonresidents of Delaware, which alleged the defendants were responsible for corporate losses from activities in Oregon. There was no attempt at personal jurisdiction over the defendants, but the proceeding was commenced by sequestration of the property interests of the defendants in the stock of the corporation in Delaware under a local statute. This procedure allowed the defendants to defend on the merits only if they made personal appearance and so be subject to judgment in personam. The defendants contended the sequestration procedure did not accord them due process of law. The United States Supreme Court concluded that the garnishment of property based on nothing more than service upon the obligor—where the property was not the subject of the litigation—did not comport with principles of substantial justice and fair play and so was unconstitutional. The decision directly overrules *Harris v. Balk*, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1915) and whatever vestige of *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877) remained valid after *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

1977).[3] *Shaffer v. Heitner* expounds the integral rule, therefore, that the jurisdiction of a state to adjudicate rests not on the dogma of power derived from presence alone—whether of the person or property—but from [432 U.S. 204, 97 S.Ct. 2580, l. c. L.Ed. 698] "the relationship among the defendant, the forum, and the litigation." Thus, fair play and substantial justice require that the property be related somehow to the cause of action in litigation whether for a judgment in personam or a judgment in rem—in each case a question of fact.

■■■■ These announced principles make it altogether plain that the seizure of property alone will not support a valid judgment in rem. However fallible the procedures of Rules 54.12 and 54.17 have now otherwise become, when they are used—as has this plaintiff—not merely to compel the presence of the defendant or other purpose extraneous to the litigation but to adjudicate rights in the very property seized, the minimum contacts between the State, the parties and the subject of the litigation are present and afford an acceptable basis for the exercise by the sovereignty of judicial jurisdiction over the subject matter. In the terms of *Shaffer v. Heitner, supra,* 432 U.S. 207, 97 S.Ct. 2582, l. c. L.Ed. 700:

> [T]he presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation. For example, when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction. In such cases, the defendant's claim to property located in the State would normally indicate that he expected to benefit from the State's protection of his interest. The State's strong interests in assuring the marketa-

bility of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property would also support jurisdiction, as would the likelihood that important records and witnesses will be found in the State.

■■■■ The acquisition of the real estate within Missouri by the marriage was a purposeful avail by the spouses of the protection by this sovereignty of their interests in the property. It was a conscious assumption of risk that the State would exercise its power over their property interests, and certainly would adjust their disputes over ownership should the marriage dissolve. *Hanson v. Denkla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The claim to the real estate which the circuit court refused to adjudicate was, in fact, one of the elements of the cause of action pleaded by the petition for dissolution. It was one aspect of the underlying controversy and intimately related to the absent defendant by her title and claim of ownership, and was related to the forum as the absolute arbiter of the public policy over marriage and dissolution [Nelson, Divorce and Annulment § 2.02 (Second Edition); *Wald v. Wald,* 119 Mo.App. 341, 96 S.W. 302, 305 (1906)] and as the source of title and of the privileges and liabilities of land ownership. [Restatement of Property, Introductory Note to Chapter 1; Patton on Titles § 281 (Second Edition); Chapter 442, RSMo 1969]. The relationship among the forum, the property and the parties, as a matter of proven fact, satisfied the minimum contacts requirements of due process to adjudicate against the nonresident defendant her interests in the real estate before the court. Accordingly, the circuit court had competent jurisdiction to adjudicate the claims to the marital real estate and committed error by failure to do so.

---

**3.** The decision in *Shaffer v. Heitner, supra,* fulfills the intimations of earlier decisions and pre-eminent authorities that physical power alone over the property—in the absence of a reasonable relationship to the forum, defendant and cause of action—should not suffice as ba-

sis for judicial jurisdiction in rem. Leflar, American Conflicts Law §§ 19, 23 (3d Ed. 1977); Restatement of Conflicts of Laws 2d § 56 and Introductory note; Mehren & Trautman, Jurisdiction to Adjudicate; A Suggested Analysis, 79 Harv.L.Rev. 1121 (1966).

The husband contends that the circuit court should be directed to divide not only the real property but the personal property of the marriage as well. Our decision does not go that far. A valid judgment in rem does not follow merely because the forum—by reasonable contacts with the property in dispute, the litigants, and the cause of action—has the right to adjudicate, but due process requires also that the judicial determination be preceded by notice to the absent defendant and opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 et seq., 70 S.Ct. 652, 94 L.Ed. 865 (1950). Rules 54.12 and 54.17 define the procedures for service of process by publication upon an absent defendant in proceedings in rem and quasi in rem. Rule 54.12 authorizes service of process as provided in Rule 54.17 for actions which affect "specific property, or any interest therein . . . within the jurisdiction of the court." Rule 54.17 allows for service of process by publication on the unavailable defendant. That procedure requires that the notice of publication shall state "a description of any property to be affected" by the judgment.

This requirement for a published description of the property is more than mere etiquette; it is the means by which the res is brought to the control of the court and enables the tribunal to affect the property interest of the defendant even in her absence. Leflar, American Conflicts Law §§ 3, 21 (2d Ed. 1968). Thus, the power of the court to act in rem over the property of the marriage is confined by the law itself. It is for this reason our decisions hold that when there is reliance on a judgment entered upon constructive notice, it must appear that the notice was given in strict compliance with the provisions of law. *Driscoll v. Konze*, 296 S.W.2d 31, 33[1] (Mo.1956).

The petition of the husband, the notice of publication, and the evidence each gives a full legal description of the marital real estate. There is none for the personal property either in the petition or in the notice other than the recitation in the publication that the purpose of the action [inter alia]: "to dispose of all property rights under this marriage." The publication then enumerates and describes only the real estate. Nothing in the publication constitutes a description of the personal property of the marriage, and in fact, none is found in the evidence either. The term *description* means a depiction or representation by language. *State ex rel. Siegel v. Grimm*, 314 Mo. 242, 284 S.W. 490, 494[6] (banc 1928). The personal property of the marriage entirely lacks this delineation and so the circuit court was without power to adjudicate the interest of the defendant to that property. *Duncan v. Duncan*, 550 S.W.2d 623 (Mo.App.1977); Rules 54.12 and 54.17.

The power of the court to divide the marital property under § 452.330 imports the means to give effect to this power—and includes the transfer of title without execution of deed—as is most likely in the case of an unavailable spouse. *Claunch v. Claunch*, 525 S.W.2d 788, 791[2, 3] (Mo.App.1975). The effectiveness of this power depends upon a judgment which describes the property with particularity and certainty. 27B C.J.S. Divorce § 300(1); Fowler and Krauskopf, Symposium on Dissolution of Marriage: Property Provisions, 29 J. of Mo.Bar 508, 514 (1973). Rules 54.12 and 54.17 serve that ultimate purpose.

The judgment is reversed and remanded.