ILLINOIS FARMERS INSURANCE COMPANY, a corporation, Plaintiff-Respondent,

v.

Thomas L. BIGGS, Administrator of the Estate of Terrence L. Biggs, Deceased, and Mary Ellen Royer Wessler, Administratrix of the Estate of Dale W. Royer, Deceased, Defendants-Appellants.

No. 42626.

Missouri Court of Appeals, Eastern District, Division Three.

March 31, 1981.

Robert E. Becker, Dale M. Funk, Belleville, Ill., for defendants-appellants.

Charles E. Gray, St. Louis, for plaintiff-respondent.

CRIST, Presiding Judge.

Declaratory judgment action. We reverse as to appellants Thomas L. Biggs, administrator of the Estate of Terrence L. Biggs, deceased (hereinafter "Biggs") and Mary Ellen Royer Wessler, administratrix of the Estate of Dale W. Royer, deceased (hereinafter "Royer").

Stephen R. Dupee (hereinafter "decedent") entered into an insurance contract with plaintiff-respondent Illinois Farmers Insurance Company (hereinafter "insurer") in Illinois. This contract afforded automobile liability coverage to decedent and was in full force and effect on August 27, 1976.

On August 27, 1976, decedent obtained a two and one-half ton U.S. Army Truck from the 892nd Transport Company in Belleville, Illinois. Decedent, a sergeant in the 892nd Army Reserve Unit, acquired the truck for a float trip on a Missouri River. While enroute from Belleville to the Missouri destination, the truck overturned. The accident took place on Missouri Route 106 in Shannon County, Missouri. Biggs, Royer, William Locke, Jr., Thomas Colyar and Kenneth J. Traiteur were passengers in the truck driven by decedent on the ill-fated sojourn in Missouri. Biggs and Royer were killed.

On December 16, 1976, Royer's administratrix commenced an action in Madison County, Illinois against decedent's estate, et al. Biggs' administrator filed suit in St. Clair County, Illinois against decedent's estate, et al. on July 6, 1977. On December 15, 1977, insurer filed its petition for declaratory judgment in St. Louis, Missouri against decedent and all of the above mentioned passengers. Insurer sought a declaration that it was not liable under its policy of automobile insurance issued to decedent.

At the time that insurer brought the action for declaratory judgment, the actions brought by the estates of Biggs and Royer were still pending in the Illinois courts. The estate of decedent was also pending in Illinois. Decedents Biggs and Royer were at all time mentioned herein residents of the State of Illinois. Service upon Biggs and Royer was had in Illinois. Both filed timely motions to quash service as non-residents of Missouri. These motions were denied by the court below. Thereafter, Royer filed an answer in the Missouri declaratory judgment suit. Biggs did not file an an-

swer. The other parties proceeded to trial, in Missouri, despite the absence of Biggs and Royer.

The trial judge found for insurer. In the findings of fact, the court concluded decedent was operating the vehicle without permission. It held the insurance policy in question was applicable only to "automobiles" defined in the policy as a "four wheel land motor vehicle." The truck herein was a ten wheel vehicle, and as such, was outside the scope of the policy coverage. See, *Wehmeier v. State Farm Mutual Automobile Insurance Company*, 556 S.W.2d 739 (Mo.App.1977). Biggs and Royer appeal.

Appellants Biggs and Royer alleged service of process was improper under Missouri's "long arm" statute, § 506.500, RSMo. 1978. Insurer does not challenge the impropriety of service under this statute but, instead, contends that § 506.500 is not controlling. Insurer submits that Rule 54.12 is controlling because the declaratory judgment action affects a fund or res composed of the face value of the insurance policy in issue in addition to insurer's duty to defend. As authority for this proposition, insurer cites *In Re Marriage of Breen*, 560 S.W.2d 358 (Mo.App.1977) and *Chenoweth v. Chenoweth*, 575 S.W.2d 871 (Mo.App.1978). These two divorce cases are of no help.

 Rule 54.12 provides a procedure for obtaining service over a party where a fund or res is present in the state and thereby affords sufficient contacts with that state to be "an acceptable basis for the exercise by the sovereignty of judicial jurisdiction *over the subject matter*" (emphasis added). *In Re Marriage of Breen, supra* at 363. It allows the court to render a valid judgment in rem once the res has been brought before the court. *Chenoweth v. Chenoweth, supra* at 873.

 The res in the instant cause of action was not located in Missouri. Insurer's home office is in California and the contract of insurance was entered in Illinois. The mere fact that insurer does business in Missouri does not bring the res before the court. See, *Wilmurth v. Nation-*

*al Liberty Insurance Company of America*, 239 Mo.App. 1177, 206 S.W.2d 730, 733 (1947). Where there is no property, which is the subject of the suit, physically present in the state, Rule 54.12 is not a basis upon which the court may gain jurisdiction over out-of-state defendants. *In Re Marriage of Breen, supra* at 363. Insurer has alleged insufficient facts to support out-of-state services of Biggs and Royer. Insurer offers no valid support for its contention that Rule 54.12 confers jurisdiction over the person of an out-of-state defendant where the res is not before the court. Biggs and Royer did not have sufficient contacts with the State of Missouri to justify a Missouri court exercise of personal jurisdiction over them. Section 506.500, RSMo. 1978; *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

 Insurer seeks solace under the doctrine of virtual representation, citing *Brown v. Bibb*, 356 Mo. 148, 201 S.W.2d 370 (banc 1947) and *Drainage Dist. No. 1 Reformed v. Matthews*, 234 S.W.2d 567 (Mo. 1950). Neither case reaches the issue before us. We are unaware of any case holding that the doctrine of virtual representation can be used to vitiate improper service of process. We are not inclined to so hold.

 Finally, insurer contends that Royer waived objection to improper service by filing an answer in this action. As authority for this contention, insurer cites *State ex rel. Sperandio v. Clymer*, 581 S.W.2d 377 (Mo. banc 1979) and *State v. Weinstein*, 411 S.W.2d 267 (Mo.App.1967). Although these cases include language to the effect that "[i]f a party does any act which recognizes the case as in court" he submits to the jurisdiction of the court, neither is on point. In a special appearance, Royer filed a timely motion to quash service of process. Only after the trial court overruled Royer's motion did she file her answer. This does not amount to an action "recogniz(ing) the case as in court." *Ferrari v. Ferrari*, 585 S.W.2d 546, 547 (Mo.App.1979); *Mahan v. Baile*, 358 Mo. 625, 216 S.W.2d 92, 93 (1949).

Insurer in its brief submitted additions to appellants' statement of facts; to-wit:

Appellant, Mary Ellen Royer, Administratrix of the Estate of Dale W. Royer, resided at the time of her answering interrogatories in this case at 1335 Louisville, St. Louis, Missouri 63139. Appellant Royer filed an answer in this action on December 4, 1978.

In insurer's argument relating to waiver, it stated: "The issue of whether appellant Royer was personally served in the case below has not been raised by appellants herein and, therefore, will not be discussed."

There was no other reference to the issue of the effect of personal service upon Royer's administratrix in Missouri. We note that Royer's legal file shows personal service of Royer's administratrix in St. Louis, Missouri. This issue was not presented to us, with authorities, by either party.

Accordingly, we are assuming, without holding, that personal service upon Royer's administratrix in Missouri was insufficient for in personam jurisdiction of an Illinois decedent's estate by our Missouri courts.

Judgment reversed as to appellants Biggs and Royer.

REINHARD and SNYDER, JJ., concur.