**STATE of Missouri at the Relation of Mark Brian VALENCIA, Relator,**

v.

**The Honorable John R. HUTCHERSON, Judge of the Circuit Court of Clay County, Missouri, Associate Circuit Division, Seventh Judicial Circuit, Respondent.**

No. WD 42130.

Missouri Court of Appeals, Western District.

Nov. 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1990.

Sharlie Pender, Kansas City, for relator.

Kathryn Elizabeth Davis, Asst. Pros. Atty., Kansas City, for respondent.

Before BERREY, P.J., SHANGLER, J., and NUGENT, C.J.

BERREY, Presiding Judge.

The relator seeks a Writ of Prohibition in order to prevent the respondent from proceeding with a "Show Cause" order regarding relator's failure to pay child support under a decree of dissolution. Relator filed a petition for a Writ of Prohibition on June 29, 1989. This court subsequently issued its Preliminary Order in Prohibition.

On June 20, 1988, Carla Kay Valencia, the wife of relator, filed a petition for dissolution of marriage against relator. The relator was served with summons and petition by registered mail. There was no affidavit filed pursuant to Rule 54.16 stating why personal service could not be had upon the relator. The service emanated

from the Clay county sheriff's office.[1]

On October 4, 1988, Judge Pratt, then a circuit judge in Clay County, entered a decree of dissolution against relator by default. Notwithstanding the fact that no personal service had been obtained against relator, Judge Pratt proceeded to enter a money judgment against relator for child support. Relator was ordered in the decree to pay $4,000 as arrearage for back child support from February 1, 1988, and to pay $150 per week child support commencing October 10, 1988. On April 19, 1989, an order to show cause and a motion for contempt were filed against relator. On May 4, 1989, a notice of income withholding was sent to realtor's employer.

The relator alleges: (1) that the court was without jurisdiction to hear the show cause and contempt matter as there was no valid judgment on which to base the hearing, and (2) that a money judgment may only be obtained against the defendant when the defendant has been personally served with process. It is immediately obvious that if there was no personal service on relator, a money judgment may not be entered against him and such a judgment if entered would be a nullity. Therefore, these points will be consolidated and addressed as one.

In another case tried by Judge Pratt, *In re Marriage of Breen*, 560 S.W.2d 358, 361 (Mo App.1977), this court stated through Judge Shangler:

> Insofar as such a proceeding affects certain contract aspects of the marriage [such as the right to money alimony under the former practice—or maintenance under the present procedure] the action is in personam and requires personal service or presence of the other spouse for valid judgment.

"[T]he tribunal must have jurisdiction over the person of the defendant to adjudicate a personal liability against him, and must have jurisdiction over the thing—be it status or specific property—to affect the interest of the defendant in that thing.

*Restatement of Conflict of Laws* 2d, § 27 et seq. and § 56 et seq." *Id.*

In *Thompson v. Thompson*, 657 S.W.2d 629, 631 (Mo. banc 1983), the court, citing *In re Breen, supra*, held that it was well settled that personal jurisdiction over a defendant was a prerequisite to entering a general judgment in personam, "and lack of personal jurisdiction forestalls consideration of orders pertaining to maintenance, child support, and attorney's fees."

As there was no personal service in the matter, the court was without jurisdiction to enter a money judgment. The preliminary writ is made absolute.

All concur.

---

**1.** During oral arguments it was learned that it is common practice of the Clay County sheriff to serve original summons and petitions sua sponte by registered mail.