Shawna D. RODRIGUEZ,
Petitioner/Respondent,

v.

Luciano RODRIGUEZ,
Respondent/Appellant.

No. 72521.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 25, 1998.

William K. Meehan, William K. Meehan, P.C., Clayton, for appellant.

Susan S. Frederick, St. Louis, for respondent.

JAMES R. DOWD, Judge.

Luciano Rodriguez ("Husband") appeals from the trial court's judgment ordering the payment of sums owed to Husband in satisfaction of a judgment in an unrelated lawsuit to Shawna Rodriguez ("Wife") for past due child support and to establish a bond to secure Husband's future payment of child support. Husband claims that the trial court lacked personal jurisdiction over him, and therefore, its judgment is void.

## I.

Husband and Wife married on September 2, 1988. Two children were born during the marriage. On July 8, 1990, Husband and Wife separated. Wife subsequently filed for divorce and served Husband with process. Husband then fled the United States and returned to Mexico where he is a citizen. On November 16, 1992, the court entered a default decree of dissolution. The decree ordered Husband to pay Wife $173 per month for each of their two minor children until the children were emancipated. Husband has made no child support payments to Wife.

In 1994, Husband filed a personal injury lawsuit in the Circuit Court of the City of St. Louis against the City of St. Louis. Husband apparently returned to St. Louis and testified at the trial but subsequently returned to Mexico. On May 15, 1996, judgment was entered in favor of Husband in the amount of $235,000. The City of St. Louis appealed the judgment, but the case was settled shortly before oral argument in this case.[1]

On May 23, 1996, pursuant to section 454.519 RSMo 1994, Wife asserted a lien in the amount of $18,001.72 for delinquent child support, including interest, on any money judgment Husband may receive from his personal injury lawsuit. Wife mailed a Notice of Lien to the City Counselor's Office of the City of St. Louis and to Husband's attorney

---

1. At oral argument, Husband's attorney represented that the gross amount of the settlement was approximately $200,000.

of record in the personal injury lawsuit.[2]

On October 3, 1996, Wife filed a Motion for Order to Post Bond or for Other Security pursuant to section 452.344 RSMo 1994.[3] On November 12, 1996, Wife filed a Motion to Determine Liability, requesting the trial court to calculate the amount of child support in arrears and interest, to determine that a lien existed in that amount against Husband's civil judgment, and to award Wife attorneys' fees and costs. Wife mailed a copy of both motions to Husband's personal injury attorney.

Also on November 12, 1996, Husband's current attorney filed a Special Entry of Appearance and a Motion to Dismiss Petitioner's Motions to Determine Liability and to Post Bond. Husband argued that Wife's action should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction based on lack of personal service, and because Wife had other remedies by which to enforce her judgment.

On January 28, 1997, the court conducted a hearing on the pending motions. Wife testified that Husband has not paid any child support as ordered in the dissolution decree. Wife also testified that Husband is a citizen of Mexico, where he resides, and that she has not had any direct contact with him. Husband did not appear personally at any time during this proceeding.

On March 12, 1997, the trial court entered its Findings of Fact, Conclusions of Law, Order, and Judgment in which the court granted Wife's motions and denied Husband's motion to dismiss. Specifically, the court ordered the City to make the following disbursement of any sums payable to Husband in satisfaction of his judgment: first, the amounts due as and for attorneys' fees and litigation expenses to Husband's personal injury attorney were to be paid pursuant to a lien filed by the personal injury attorney; second, $21,888 was to be paid to Wife as and for satisfaction of past due child support, including interest from the date of entry of the dissolution decree to January 31, 1997; third, all amounts payable, including interest, to Wife for child support pursuant to the dissolution decree from February 1, 1997 and the date of payment were to be paid to Wife; finally, to establish a bond, the balance of the net personal injury proceeds were to be paid to the Circuit Clerk who

> shall deposit said sums in a separate interest bearing account and, subject to any lien in favor of Wife's attorneys, on the 15th day of each month in which Husband has failed to pay to Wife on or before the 10th day of the month the amounts required under the said decree of dissolution for support of the minor child, beginning with the first month following receipt of said sums, shall pay to Wife the sum of $173.00 for each child until said sums, including all accrued interest, are exhausted or the emancipation of each minor child, whichever shall first occur.

Husband now appeals from this judgment.

## II.

Court-tried cases are reviewed according to the standard articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc

---

2. Husband's attorney in the present matter is not the same attorney who represented Husband in the personal injury lawsuit.

3. Section 452.344 RSMo 1994 provides:
   1. Upon entry of an order for support or division of property under this chapter or otherwise, or at any time the court finds any of the elements which constitute grounds for attachment under section 521.010, RSMo, the court, by its own motion or that of a party or assignee of a party, may require that the obligor provide sufficient security, bond or other guarantee to secure the obligation to make support payments or to secure the division of property, conditioned that the obligor will pay all support payments as they come due, together with interest thereon, and will abide the orders of the court with respect to division of property.
   2. The bond shall be filed with the clerk of the circuit court in the county where the order for support or division of property is filed, and the bond may be entered into before the clerk, if the court or judge entering the order for support or division of property shall first approve of the security.
   3. The court, upon default in the condition of the bond, shall enter judgment against the obligors on the bond, according to the circumstances of the case, including interest or damages, and may award execution thereon, or otherwise enforce such judgment, according to the rules and practice of the court.

1976). Thus, we will affirm the judgment unless there is no substantial evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Id.*

### III.

On appeal, Husband raises several points of error; however, the issue of whether the trial court properly exercised its jurisdiction is dispositive of this appeal. Wife's motion to post bond was filed pursuant to section 452.344 RSMo 1994. According to this section, an obligee of an order for support may petition a court for an order directing a spouse obligated to pay child support to post a bond to secure future support payments. Relief granted under section 452.344 does not modify the amount of an obligor spouse's periodic child support liability. Therefore, a section 452.344 action may be filed independently of a motion to modify a maintenance or support decree pursuant to section 452.370 RSMo 1994.

Wife's action is a proceeding *in rem* against Husband's property located within the City of St. Louis. At one time, it was widely accepted that a plaintiff could obtain a judgment *in rem* against a nonresident defendant on property the defendant owns within the territorial jurisdiction of the court. *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1878). It was further believed that due process did not require a plaintiff to give personal notice to a nonresident property owner that his property was the subject of an *in rem* proceeding. *See, e.g., Ballard v. Hunter,* 204 U.S. 241, 262, 27 S.Ct. 261, 51 L.Ed. 461 (1907). The rationale underlying *in rem* jurisdiction was that the state was considered to maintain exclusive sovereignty over property based solely on the property's presence within its territory.

The notion that jurisdiction could be premised on the mere physical presence of property was laid to rest in *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). In *Shaffer v. Heitner,* the United States Supreme Court overruled *Pennoyer v. Neff* and held that due process requires all assertions of state-court jurisdiction, whether *in rem* or *in personam,* to be evaluated under the standards set forth in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Shaffer,* 433 U.S. at 212, 97 S.Ct. 2569. Mere physical presence of property will no longer support a valid judgment *in rem.* *In re Marriage of Breen,* 560 S.W.2d 358, 363 (Mo.App.1977). According to the principles announced in *International Shoe,* a court may exercise jurisdiction over property only if the property has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Besides the existence of minimum contacts, due process also demands that the absent defendant receive notice and an opportunity to be heard. *Id.* at 364.

Here, Husband does not dispute that he has sufficient minimum contacts with the State of Missouri to support personal jurisdiction. Instead, Husband contends that he received inadequate notice of the proceeding because Wife failed to serve him with process in accordance with law. Before a court acquires jurisdiction over the person or property of a defendant, the defendant must be properly served with process. *Williams v. Williams,* 950 S.W.2d 919, 922 (Mo.App. W.D.1997). Although a defendant may receive notice that satisfies the minimum standards of due process, this alone "does not obviate the necessity of serving process in the manner prescribed in our statutes and rules." *Acapolon Corp. v. Ralston Purina Co.,* 827 S.W.2d 189, 196 (Mo. banc 1992). Absent proper service, any judgment rendered over a party is void. *Williams,* 950 S.W.2d at 922.

We need not reach the issue of whether the notice provided to Husband satisfied due process as it is evident that Wife failed to comply with the law governing service of process. Pursuant to section 452.310, all proceedings under sections 452.300 to 452.415 must be commenced in the manner provided by the rules of the supreme court. Sec. 452.310.1 RSMo 1994. In these proceedings, the adverse party must be served in the manner provided by the rules of civil procedure. Sec. 452.310.4 RSMo 1994. Rule 54.12 sets forth the exclusive means of serv-

ing process in *in rem* actions. According to this rule, service of process must be made either personally on the adverse party or her agent, by mail, or by publication. Here, Wife clearly attempted service by mail. Rule 54.12 authorizes service by mail only if the party requesting service files an affidavit stating why personal service cannot be had in Missouri on the party to be served by mail and the name and address of the party to be served by mail. Critically, the record lacks the affidavit required by the rule. While the information that would have been contained in the affidavit may be found elsewhere in the record, strict compliance with the law regarding service of process is compulsory. *See Williams*, 950 S.W.2d at 922; *In re Marriage of Breen*, 560 S.W.2d at 364. Wife's failure to comply with the rules of civil procedure deprived the trial court of personal jurisdiction over Husband. Accordingly, the judgment ordering him to post a bond is void.

## IV.

We now turn to the question of whether the trial court exceeded its jurisdiction in awarding Wife past due child support. We conclude that the court exceeded its jurisdiction.[4] It is important to note that the question here is not whether Wife is entitled to past due child support. We believe she is clearly entitled to such support. *Sagos v. Sagos*, 729 S.W.2d 76, 79 (Mo.App. E.D.1987) ("Past due child support payments owed by a divorced father to the divorced wife pursuant to a court order for support payments and incorporated into the divorce decree constitute a debt so that accrued and unpaid installments become judgments in favor of the former wife.").

 In holding that the trial court exceeded its jurisdiction, we need look no further than the court's order directing the City of St. Louis to disburse sums payable to Husband in satisfaction of Wife's judgment for past due child support. It is well-settled that

a court has no jurisdiction over persons who are not parties to an action before it. 43A C.J.S. *Injunctions* sec. 175b (1978). There is no indication in the record that the City of St. Louis was ever joined as a party in the proceeding below. Therefore, the trial court lacked jurisdiction over the City of St. Louis, and, as it applies to the City of St. Louis, the judgment is void.[5]

The judgment is vacated.

CRANE, P.J., and RHODES RUSSELL, J., concur.

---

4. Husband does not challenge the validity of Wife's lien on his judgment against the City, and our opinion today is not intended to have any effect on the lien.

5. The normal method of obtaining satisfaction of a judgment for past due child support is for the judgment creditor to file a garnishment in aid of execution naming the City as garnishee. *See* Rule 90.