Warren Franklin CHENOWETH, Appellant,

v.

Doris Lynn CHENOWETH, Respondent.

No. KCD 29616.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1978.

Granville E. Collins, Fulton, for appellant.

Thomas M. Dunlap, Whitlow, Riley, Mariea & Dunlap, Fulton, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Following a decree dissolving the marriage between Warren Franklin Chenoweth and Doris Lynn Chenoweth, Warren filed a motion to reopen the case in order to make division of the marital property. The trial court declined to do so, from which ruling Warren appeals. We reverse.

In the original dissolution proceeding filed in the circuit court of Callaway County, Missouri, Warren's petition prayed a dissolution of the marriage and "such other orders as may be just and proper." There was no request for a division of property, and no property was specified in the petition as being owned by the parties. Service was had upon Doris in Florida as a nonresident under Rule 54.14. A decree of dissolution was entered on May 5, 1976, and the decree specifically recited "that the Court lacks jurisdiction to enter orders other than dissolution."

Thereafter on August 19, 1976, Doris filed a new and independent suit in the circuit court of Callaway County for the partition of real estate and personal property which had been acquired by the parties during the period of the marriage and which continued to be owned by them. In reaction to that new suit, Warren, on March 18, 1977, filed a motion in the dissolution proceeding to reopen the case for the purpose of dividing the marital property and "to make a final judgment." Warren's motion adopted by reference Doris' petition for partition, to the extent of the property descriptions contained therein. A hearing was held on Warren's motion on April 4, 1977, at which both parties appeared by counsel. On June 13, 1977, the trial court overruled Warren's motion and filed a memorandum opinion which held in significant parts as follows:

"Under Rule 54.14, personal service was effected on the non-resident respondent in Florida. Absent the necessary allegations for personal jurisdiction, personal service outside the state would confer only in rem jurisdiction of the res or status (the marriage only) under Rule 54.12.

\* \* \* \* \* \*

"It appears, therefore, that the court is without jurisdiction at this time to divide the property of the parties. The petitioner's motion to make the judgment final should be overruled, because the judgment is final based upon lack of personal jurisdiction over respondent and lack of an issue as to division of property in the pleadings."

I.

The reason given by the trial court for declining to make a division of marital property at the time of the dissolution decree on May 5, 1976, was "lack of jurisdiction," and this reason was repeated in the court's order refusing to reopen the decree on June 13, 1977. This is the basic justification offered by Doris in this court in support of the trial court's 1977 order here for review, and she argues in various overlapping forms that the trial court had no personal jurisdiction over her and therefore had no power to enter any judgment other

than purely a dissolution of the marriage status. Furthermore, Warren in this court takes as true the assumption that the trial court had no authority to do anything beyond dissolving the marriage, unless it can be shown that the court had jurisdiction over Doris' person; and his argument is premised upon the proposition that the circuit court of Callaway County did acquire personal jurisdiction on the principle of waiver arising from the fact that Doris filed the partition suit in Callaway County and that she appeared by counsel at the hearing of Warren's motion on April 4, 1977, without filing any motion or responsive pleading attacking personal jurisdiction of the court over her.

■ In truth, personal jurisdiction over an absent spouse is not necessary to confer jurisdiction for the purpose of dividing marital property. That legal proposition has been recently decided by this court in *In re Marriage of Breen,* 560 S.W.2d 358 (Mo. App.1977). In *Breen,* the trial court ordered dissolution of a marriage but considered that in the absence of personal service on the defendant wife, it was without jurisdiction to divide the marital property. On appeal, this court reversed. The *Breen* opinion pointed out that the authority to adjudicate property rights between the spouses incident to a dissolution of their marriage was granted to Missouri courts for the first time by Section 452.330, RSMo. Supp.1973. The opinion goes on:

"The adjudication of that new remedy on conventional principles depends upon the situs and nature of the property to be divided. * * * And this power of a state to adjudicate interests in land within the territory may be validly exercised even though [contrary to the determination by the circuit court] the person who claims these interests is not personally before the court. Restatement of Conflict of Laws 2d Sec. 59. That is because for a valid judgment in rem traditional due process requires only that the sovereignty which adjudicates have physical power over the res directed against and that the law of the sovereignty provide a mode of service to notify persons whose interests are to be affected by the proceedings and to allow opportunity to be heard. Leflar, American Conflicts Law Sec. 20 (3d edition 1977)."

\* \* \* \* \* \*

"On these principles the circuit court of Clay County had competent judicial jurisdiction to affect the title of the absent wife to the marital property on the petition for dissolution by the husband once that res was brought within the control of the court by lawful process. Rule 54.-12. * * * This procedure, according to conventional due process, allows rendition of a valid judgment in rem as to the title of real estate, marital status, or any other thing authorized by law [Rule 54.-12] to be brought before the court by that method."

The *Breen* opinion then proceeds to consider the impact of *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) and summarized the effect as follows:

"These announced principles make it altogether plain that the seizure of property alone will not support a valid judgment in rem. However, fallible the procedures of Rules 54.12 and 54.17 have now otherwise become, when they are used—as has this plaintiff—not merely to compel the presence of the defendant or other purpose extraneous to the litigation but to adjudicate rights in the very property seized, the minimum contacts between the State, the parties and the subject of the litigation are present and afford an acceptable basis for the exercise by the sovereignty of judicial jurisdiction over the subject matter."

This court then proceeded to hold that the circuit court had jurisdiction and erred in refusing to divide the marital real property, which had been specifically described in the petition for dissolution. The court held that there was no error, however, in re-

fusing to make disposition of personal property which had not been described in the petition nor been made the subject of a prayer for division. In the latter respect, the *Breen* opinion held:

"A valid judgment in rem does not follow merely because the forum—by reasonable contacts with the property in dispute, the litigants, and the cause of action—has the right to adjudicate, but due process requires also that the judicial determination be preceded by notice to the absent defendant and opportunity to be heard."

■ Here all of the real and personal property sought to be divided is situated in Callaway County, Missouri, Doris claims an interest in these items of property, and this property within the jurisdiction of the circuit court was the very subject of the litigation before it. Therefore, the trial court had full jurisdiction in rem in accordance with the requirements described in *Breen*, except only that at the time of the original dissolution decree no mention of the property had been made in the petition nor had any other notice of such an issue been given to Doris. These missing elements were, however, clearly supplied by Warren's motion filed March 18, 1977, of which Doris plainly had notice by reason of her appearance to oppose the motion at the hearing held April 4, 1977.

A few words are in order concerning the fact that this major legal issue in this case is being decided here on a basis which was never argued in the trial court and without having been raised by Warren's brief in this court. The failure to raise the issue (as to the lack of necessity for jurisdiction over the person of Doris in the traditional sense in order to proceed with a division of the marital property) is quite understandable in view of this new legal principle having been decided in *Breen* for the first time subsequent to the ruling from which this appeal was taken and in fact only two days before appellant filed his brief in this court. In any event, we have the power to and will consider this point as plain error under Rule

84.13(c). Such consideration is necessary to give effect to the clear legislative intent of the Dissolution of Marriage Act, Sec. 452.-330. Furthermore, such treatment is necessary to prevent a possible serious miscarriage of justice. If Doris were permitted to proceed with division of the former marital property by means of partition, she would obtain a full one-half as a tenant-in-common. On the other hand, a division pursuant to the provisions of Section 452.330 might give her substantially less than one-half. Of course on a full hearing, Doris may be able to justify a claim to one-half of the property; but if so, that should be done on the basis of a full showing by evidence relating to the factors listed in Sec. 452.330, and not pursuant to a rigid mathematical division based on the form in which title happens to be held.

## II.

■ The second reason given by the trial court for its June 13, 1977 ruling was the alleged "lack of an issue as to division of property in the pleadings." That ruling was in error because Warren's motion of March 18, 1977, was a pleading and served effectively to enlarge the grounds and prayer for relief. Beyond any question, that expansion of the issues has reached the attention of Doris and she will have full opportunity to be heard on the question of property division.

## III.

Doris argues strenuously that his court has no jurisdiction because Warren failed to timely appeal from any final judgment. She insists on treating the dissolution decree of May 5, 1976, as the only judgment in this case from which an appeal could be taken, and she correctly points out that the time for any appeal from that judgment has long since passed. She further contends that Warren's motion to reopen is simply an after trial motion, similar to a motion for new trial, from which no appeal lies.

Doris' basic analysis is incorrect. The motion filed March 18, 1977, for a division of marital property was a special statutory proceeding specifically contemplated by Sec. 452.330. Under that section, there may be "a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property." This case falls within the quoted category for the reason that the trial court did not have jurisdiction to dispose of the marital property at the time of the original dissolution decree, because the petition did not contain a description of property to be affected or give notice to Doris of that issue. It did not obtain such jurisdiction until the filing of Warren's motion to reopen and Doris' appearance in opposition thereto on April 4, 1977.

The denial by the trial court of the March 18, 1977 motion was an appealable judgment similar to an order dismissing a petition for lack of jurisdiction. See *Dillen v. Remley*, 327 S.W.2d 931 (Mo.App.1959). Furthermore, contrary to a contention made by Doris, the order of June 13, 1977, if allowed to stand would dispose of all issues in the case. It is true, as Doris says, that the order of June 13, 1977, did not make disposition of the property. But that is not necessary to finality. The order did not purport to be only an interim step with further proceedings in the case still in contemplation; the trial court by its order of June 13, 1977, beyond question was making what it considered to be a final judgment which would mark a complete terminus to the case, based on its determination that it had no power to dispose ·of the marital property.

## IV.

In addition to his brief on appeal, Warren has filed a separate motion to remand; and in addition to her brief on appeal, Doris has filed a motion to dismiss Warren's appeal. These motions were ordered taken with the case. All issues raised by those motions have already been disposed of by this opinion. Both motions are accordingly overruled.

The order overruling Warren's motion to reopen and make final judgment is reversed, and this cause is remanded for further proceedings.

All concur.