STATE ex rel. Sharon Lynn McCLINTOCK, Relator–Petitioner,

v.

Honorable Gary R. BLACK, Sr., Circuit Judge, 24th Judicial Circuit, St. Francois County, Respondent.

No. 62162.

Supreme Court of Missouri, En Banc.

Dec. 15, 1980.

Joseph S. Sanchez, Festus, for relator–petitioner.

James G. Freer, Farmington, for respondent.

DONNELLY, Judge.

This is mandamus.

Relator Sharon Lynn McClintock and Harry William McClintock were married in 1964. In November 1977, Sharon petitioned the St. Francois County Circuit Court for a dissolution of the marriage. Respondent Judge Black granted the dissolution after an uncontested hearing at which Sharon alone appeared.

Sharon and Harry had drawn up a separation agreement which purported to distribute all marital property. This agreement was incorporated into the dissolution decree by respondent.

In July 1978, some seven months after the decree of dissolution was entered, Sharon filed a motion to vacate the decree, contending that certain marital property (shares of stock in the closely held corporation which employed Harry and Harry's retirement fund with that corporation) had not been distributed by the decree and, thus, that the decree was not final.

Harry filed a motion to dismiss Sharon's motion, maintaining that under Rule 81.-05(a) respondent no longer had jurisdiction to modify the decree because more than thirty days had passed since its issuance. Harry's motion was sustained by respondent on October 6, 1978.

Sharon then sought a writ of mandamus in the Eastern District of the Court of Appeals to compel respondent to assume jurisdiction in the case and divide the overlooked property. The Court of Appeals issued an alternative writ of mandamus, which it quashed by its opinion of April 15, 1980, and transferred the case to this Court "for the purpose of reexamining the law relative to finality of dissolution judgments." *See* Mo.Const. art. V, § 10.

We, too, quash the writ because we believe that Sharon has confused the concept of *finality for purposes of appeal* with the concept of *res judicata.* If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken. On the other hand, once the time for appeal has run, the order of the trial court, although it has failed to divide all of the marital property, is *res judicata* and *final* as to the property with which it has dealt. As to this aspect of the case, Judge Crist, in the principal opinion in the Court of Appeals, poses the question squarely:

"[T]here is rank confusion and disagreement regarding the status of property of the parties not disposed of by a dissolution court. There is a clamor for clarification and guidance. Our courts have indicated there is no appealable judgment where the trial court fails to set–off all marital and separate property of the parties appearing on the face of the trial record. *Corder v. Corder,* 546 S.W.2d 798 (Mo.App.1978); *Pendleton v. Pendleton,* 532 S.W.2d 905 (Mo.App.1976); *L. F. H. v. R. L. H.,* 543 S.W.2d 520 (Mo.App. 1976); *Anspach v. Anspach,* 557 S.W.2d 3 (Mo.App.1977); *Nilges v. Nilges,* 564 S.W.2d 262 (Mo.App.1978); *McCall v. McCall,* 574 S.W.2d 496 (Mo.App.1978);

*Ferry v. Ferry*, 586 S.W.2d 782 (Mo.App. 1979) and other similar cases. While these cases may have precedential value in the determination of the issues in our case, Sharon did not appeal. * * * We must focus our attention on the finality of a dissolution decree where there was no appeal and the decree did not dispose of all of the property. Prior to the entry of the decree Sharon had not requested division of the stock and retirement fund held in the name of Harry, nor was there any showing in the trial record of the existence of such stock and retirement fund. Was this judgment final?"

We hold the judgment was final. To hold otherwise would be to repeal that portion of § 452.360, RSMo 1978, which provides that a "court's order as it affects distribution of marital property shall be a final order not subject to modification."

■ It would seem that if the property not distributed by the order of the trial court *is* marital property (a question we do not decide in this case), a remedy should be made available. Mo.Const. art. I, § 14. We can reasonably anticipate that the General Assembly will fill in this patent gap in the Dissolution of Marriage Law. In the meantime, we suggest that Sharon file in the trial court a separate proceeding seeking equitable relief in this rather unique fact situation. If a party feels aggrieved, the propriety of this subsequent proceeding, or its result, can be tested on appeal.

The alternative writ of mandamus is ordered quashed.

All concur.