**In re the Marriage of Sarah Jane PLOCH, Respondent,**

v.

**Raymond Bernard PLOCH, Appellant.**

**No. 44228.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 11, 1982.

William H. Leyhe, III, Clayton, for appellant.

Canice Timothy Rice, Jr., St. Louis, for respondent.

CRIST, Judge.

The issues in this post-dissolution of marriage proceeding centered on the proper division between ex-spouses of marital property not disposed of in their dissolution of marriage action.

The parties were divorced in July, 1978, after thirty-one years of marriage. In March, 1980, respondent Sarah Ploch (hereafter wife) moved to reopen the dissolution decree in order to divide marital property. Wife did not seek to change any property division ordered in her dissolution decree, and no such change could be made. *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 406 (Mo. banc 1980). Rather, wife sought to divide her ex-husband's (hereafter husband) theretofore undivided "100 percent vested interest" in what is variously called an employees' profit sharing trust, a profit sharing fund, a profit sharing plan, and pension plan. Documents and a deposition describing the trust (or whatever) apparently were put in evidence when wife's amended motion was heard, but are not in the record before us. No matter; the parties stipulated below that the asset is marital

property and that its value was $22,215.52 when their marriage was dissolved. The parties further stipulated the asset neither appears in the record of their dissolution action nor was disposed of in their dissolution decree. The only other evidence worth mentioning was that of wife's *liaison* with a Mr. Brown, and that husband's net income is $182.00 per week while wife is unemployed.

On those facts, the circuit court awarded wife $11,107.76 and prescribed a payment schedule for husband: an immediate payment of $2,107.76, and monthly payments of $100.00 until the balance is paid—subject to conditions not relevant here. Husband's appeal raises three issues: (1) whether a post-dissolution proceeding like this one can dispose of marital property not before the trial court in the antecedent dissolution of marriage action due to inadvertence of the parties; (2) whether the facts set out earlier suffice to award to wife what is, in effect, one-half the marital asset; and (3) whether the payment schedule was properly ordered. We answer all three issues affirmatively.

The touchstone for all issues on this appeal is the disposition of property provisions in § 452.330, RSMo.1978 (all further references to statutory sections are to RSMo. 1978 unless stated otherwise):

1. In a proceeding for nonretroactive invalidity, dissolution of the marriage or legal separation, or in a proceeding for disposition of property following dissolution of marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective . . . ; and

(4) The conduct of the parties during the marriage.

2. For purpose of sections 452.300 to 452.415 only, "marital property" means all property acquired by either spouse subsequent to the marriage [with exceptions not relevant here].

\* \* \* \* \* \*

■ Husband's challenge to the propriety of this post-dissolution proceeding is answered in *Chenoweth v. Chenoweth*, 575 S.W.2d 871, 875 (Mo.App.1978). It was there recognized that a post-decree motion like this one to divide marital property not before the court in the antecedent dissolution of marriage action initiates a "special statutory proceeding contemplated by [§] 452.330." Further, the cases since *Chenoweth* upholding such proceedings do not distinguish between failure for whatever reason to bring property before the dissolution court, see, e.g.: *Chenoweth v. Chenoweth, supra; Wilhoit v. Wilhoit*, 599 S.W.2d 74, 77 (Mo.App.1980); *In re Marriage of Jamison*, 592 S.W.2d 181, 183 (Mo.App.1979), and failure of that court to dispose of property brought before it, as in *Schulz v. Schulz*, 612 S.W.2d 380, 381 (Mo.App.1981). Rightly so; the § 452.330 provision for these post-decree proceedings is to remedy inadvertence, oversight, and worse, and the only issue germane to maintaining such a proceeding is whether property remains undisposed of, not why it remains so.

Turning to the second issue: the gauge of evidence sufficient to justify the division ordered here is found in the concept of "marital property" in § 452.330(2). The term comes from the 1970 version of the Uniform Marriage and Divorce Act § 307 (section amended 1973) on which our statute is patterned, and which provided "in substance that a community property rule govern the division of marital property." Family Law Reporter, *Desk Guide to the Uniform Marriage and Divorce Act* 57 (1974). Consistent with that provision, and "[f]or purposes of sections 452.300 to 452.-

415 only," § 452.330(2), property acquired during a marriage (with exceptions not applicable here) is deemed acquired by a marital "partnership," *D L L v. M O L*, 574 S.W.2d 481, 486 (Mo.App.1978); *Hilger v. Hilger*, 570 S.W.2d 736, 740 (Mo.App.1978), implying the spouses are deemed to have contributed equally in acquiring marital assets and have an equal right to succeed to those assets when their marriage is dissolved.

 Though spouses presumably contribute equally in acquiring marital property, we have often held it need not be divided equally. Section 452.330 does not require an equal division; it requires a just division "after considering all relevant factors." Here we have no evidence of some of the "relevant factors" listed in § 452.330 1. (1) to (4), there is scant evidence of others, and virtually nothing bearing on property division appears that lies outside the statutory list. Husband points to this exceedingly lean record to argue the evidence was insufficient to make the division. But the trial court was required to determine wife's motion on the record that was before it. That record does conclusively identify the asset as undistributed marital property having a definite cash value. Absent sufficient evidence or, indeed, any evidence of § 452.-330's "relevant factors," the trial court may (and apparently did) divide marital property equally between the ex-spouses, relying on the implicit statutory presumption that both contributed equally to acquire it. An equal division on a record like this one is a just division, and not error.

Finally, husband challenges the propriety of the court-ordered payment schedule. The trial court was not required to cause merely a lump sum judgment to be entered. Rather, it was within the trial court's discretion to make a cash award to wife equal to one-half the asset's value, and order husband to pay the award in installment payments. *See: In re Marriage of Strelow*, 581 S.W.2d 426, 430 (Mo.App.1979); *Beckman v. Beckman*, 545 S.W.2d 300, 302 (Mo.App.1976). No abuse of that discretion

is shown with respect to either the mode or amounts of those payments.

Order affirmed.

REINHARD, P. J., and SNYDER, J., concur.