Maurice YODER (Deceased) By Sandra J. LARSEN (Personal Representative), Respondent,

v.

Ella June (Yoder) HORTON, Appellant.

No. WD 35390.

Missouri Court of Appeals, Western District.

Oct. 2, 1984.

Beal, Jones, Curry & Bragg, John Charles Bragg, Kansas City, for appellant.

John C. Milholland, Anderson & Milholland, Harrisonville, for respondent.

Before DIXON, P.J., and SHANGLER and SOMERVILLE, JJ.

DIXON, Presiding Judge.

The ex-wife appeals the order of the circuit court sustaining a motion by the personal representative of the deceased ex-husband to enforce a property settlement by requiring the ex-wife to release her interest as the designated beneficiary in an annuity contract of the husband. The record on appeal demonstrates the trial court was without jurisdiction, the purported order and judgment are void. The appeal is dismissed.

The parties were married in 1971. It was the second marriage for both. In 1972 the husband executed a designation of beneficiary with the Central States Health and Welfare Fund designating his then wife as beneficiary of what was then a plan for life insurance benefits. Sometime during the early summer of 1978, the husband became disabled. The separation occurred on June 16, 1978. Because of his disability, the husband began to receive $400 a month in Social Security benefits and some form of pension from the Armour Co., a prior employer, in the amount of $157.00. After the separation, but before the divorce in March 1979, the ex-husband exercised his option to receive disability payments in lieu of the life insurance benefits from Central States. The provisions of the plan provided for payments of $200 a month for 60 months certain. Upon death before full payment, the balance was due in one sum. The record discloses 13 payments were made and the sum due at the time of death, January 7, 1980, was $12,693.74.

When the parties' divorce action was heard in March of 1979, there was no written property settlement agreement. Counsel for the wife announced to the court that the matter had been settled and that an agreement would be "dictated into the record" and later reduced to writing. Both parties were represented and both were present and testified. The husband related in his testimony various items of personal property and the proposed distribution. This included two boats to be sold and the proceeds divided, as well as an ice machine. The husband was residing in Harrisonville

and the wife in a jointly-titled home in Jackson County. The husband recited that the Jackson County residence was to be sold. After payment of the mortgage of about $6,100 and payment of a hospital bill of $3,200 incurred by the husband, the balance of the sale proceeds, less expenses, was to be divided equally. Neither the wife nor husband had requested maintenance, and the wife expressly waived a right to maintenance in the hearing. There was no appeal, and the decree is final insofar as appellate review is concerned.

A week *after* the divorce a property settlement agreement was executed. The written property settlement was admitted. This document adds little to the resolution of the current dispute. It does not explicitly refer to the insurance. It recites the disposition of the real estate, boats, ice maker, and automobiles and furniture consistently with the testimony at the divorce hearing. It mentions for the first time an additional hospital bill of the husband, which he assumed. It stipulates each is to pay his own attorney. The respective waiver of maintenance is also recited. There is a paragraph saying the husband will return the property in his possession in Harrisonville.

The record does not disclose the details but no issue is raised as to the house, which apparently was disposed of as indicated. The boats and ice machine appear to have been subject to a separate agreement between the ex-wife and the son of the ex-husband. The ex-wife testified at the hearing on the motion that she had agreed to and had received a check for $1,500 from the son for the "boats and everything."

At the hearing on the motion to enforce the agreement, the parties stipulated to some of the factual background. The appointment of the personal representative and the divorce were conceded. The execution of a property settlement *one week after* the divorce was admitted. The personal representative admitted that the last beneficiary designation filed with the insurer was in 1972, designating Ella June Yoder (now Horton), the ex-wife.

■ There was no valid distribution of the marital property. The court's decree did not recite any division and the oral recitation of the "agreement" has no validity as a division of property. *Turpin v. Turpin*, 570 S.W.2d 831 (Mo.App.1978). Nor does *Turpin* stand alone. *Potter v. Potter*, 621 S.W.2d 123 (Mo.App.1981), cites and applies *Turpin* and *Wilhoit v. Wilhoit*, 599 S.W.2d 74 (Mo.App.1980); *Markwardt v. Markwardt*, 617 S.W.2d 461 (Mo.App. 1981), cites and recognizes the rule of *Turpin*, but distinguishes the cases on a factual basis. In *Markwardt*, there was a full and complete settlement and stipulation, which the trial court ordered the parties to execute. Whatever the validity of that distinction, it has no application in this case where the "oral agreement" was not, as the term was utilized in *Wilhoit*, a decree in which "the specific property upon which the judgment operates shall be discerned from a decree in such form that execution remains only a ministerial act—without need for external proofs or yet another hearing." 599 S.W.2d at 80.

■ The trial court's recital in the decree that the "parties have entered into a property settlement which has been approved by the court and that it is fair and not unconscionable" is without any legal effect. There was no valid property settlement in effect when the finding was made. The instant case is very much akin to *In re Marriage of Jamison*, 592 S.W.2d 181 (Mo. App.1980). In the cited case there was an inadequate distribution of property, as the decree omitted the husband's pension and other items of property. The wife sought dismissal of the divorce action upon the husband's death, prior to the decree being final. The *Jamison* court pointed out that the wife's remedy was to move to reopen the property settlement portion of the decree and ask for the trial court's action to exhaust its jurisdiction by making a complete distribution of the property. The *Jamison* rationale is not fully on point because the decree entered March 7, 1979, is

far beyond any appellate review. The court has not divided the property in any fashion that meets the statutory and case law requirements. At the same time, the decree is long since final and not subject to reopening. There is abundant case law that holds, when an appeal is taken and the record discloses a failure to fully adjudicate the property rights of the parties, the trial court has not exhausted its jurisdiction and upon dismissal of the appeal the trial court may then complete the task of property division.

When the trial court has made a partial distribution of property and the judgment is final, a different rule applies. In that instance, the remedy is a suit in equity to determine the ownership of the omitted property. *State ex rel. McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980); *Moore v. Moore,* 657 S.W.2d 37 (Mo. App.1983).

No case has been found where there has been no valid division of any of the property of the parties and the judgment has become final for purposes of appeal. The rationale of *State ex rel. McClintock* is that, although the judgment may be final as to appealability, it is not res judicata as to omitted property. No reason appears why this should not apply in a case where there is a total failure to divide as well as where the failure is partial. As a practical matter, the parties have divided most of the property in post decretal actions and agreements. Nonetheless, *State ex rel. McClintock* teaches that the trial court was without jurisdiction to entertain the instant motion. A judgment entered in excess of or beyond the jurisdiction of the trial court is void and this court has no jurisdiction to review. The appeal is dismissed.

All concur.