**Louis GEHM, Respondent,**

v.

**Nancy R. GEHM (now Goslin), Appellant.**

**No. WD 37364.**

Missouri Court of Appeals, Western District.

April 1, 1986.

George R. Lilleston, Clinton, for appellant.

Harold A. Kyser, Butler, for respondent.

Before DIXON, J., Presiding, and MANFORD and NUGENT, JJ.

DIXON, Judge.

This appeal arises from motions filed in a dissolution action almost a year after the entry of the unappealed-from decree.

In addition to a conventional issue of the propriety of a trial court order changing custody arrangements, the case presents an issue as to the grounds for and method of asserting fraud in the judgment, and requires a determination of the jurisdiction of the trial court, upon motion, to divide property omitted from the original decree.

The dissolution decree was entered December 30, 1983, upon the joint petition of husband and wife, each of whom were represented by the same lawyer. Only the wife appeared at the hearing in which the court entered a decree of dissolution, approved the property settlement and provided for child support and maintenance. The court ordered joint custody of the children at the request of the parties. The decree provided the husband and wife should alternate custody weekly.

Sometime in February, the wife began a live-in relationship with a boyfriend. The usual difficulties inherent in joint custody were exacerbated by that situation. The husband remarried sometime prior to the filing of the motions.

On November 7, 1984, the husband filed a motion to modify the custodial provisions of the decree and asked the court to grant him full custody of the children. The motion also requested termination of the child support provided for in the decree. The wife was served by the sheriff with these motion papers, and on the same day the wife and her live-in boyfriend, after obtaining a waiver of the three-day waiting period, were married. This had the effect under the original decree of terminating the maintenance to the wife, a matter the wife conceded by answer to the motion.

In addition to her answer to the husband's motion, the wife filed a cross-motion for modification and a motion to set aside the decree of dissolution. This latter motion, as subsequently amended, claimed the

dissolution decree was "null and void." The wife first claims the decree is void because the court did not "exhaust its jurisdiction" by reason of its lack of knowledge of "marital assets" which the decree omitted. Alternatively, she asserts that the husband procured the judgment through fraud. The fraud claim is based on an alleged representation by the husband to the wife and the parties' joint attorney that all of the marital assets had been disclosed when, in fact, the husband's pension and profit sharing plan and a lake lot in Kansas were not disclosed.

The trial court modified the custody arrangement and provided that the children should be with the husband during the school year and with the wife during the summer months. Appropriate arrangements for holidays were set forth. The court also *changed* the original dissolution decree in its provisions for division of property, and the court took up the issue of the omitted property.

The original decree had provided for a tenancy in common in the family residence with a proviso that the husband could live there as long as he wished. If he left the residence, it was to be sold and the proceeds divided equally between the husband and the wife. After the court's modification of the decree, the husband was ordered to pay the wife $27,500 for her interest in the home. The lake lot was not mentioned in the original decree. After the motion hearing the court ordered the husband to either pay the debt on the lot, sell it, and equally divide the proceeds with the wife, or pay the wife $5,000. The court order also provided that the husband could pay the $32,500 in 60 monthly installments plus 9% interest. The court further found that the pension and profit sharing plans were omitted from the original decree and that the wife had reasserted she had no interest in those funds and they were set over to the husband.

There was no evidence to suggest any fraud by the husband. The wife kept the checkbook and had written monthly checks for the Kansas land payment, and she had kept files showing the status of the pension and profit sharing plans.

█ The first issue to be determined is the propriety of the trial court's modification of the custody and support arrangements. The appellant-wife's point relied on is not framed in accordance with the rules. Taking the point in the context of the argument, it is a claim that the trial court failed to heed the testimony of psychologists, and other evidence which would have supported a different award of custody. The flavor of the wife's argument is found in phrases such as the "husband is less fit," the mother is not employed and thus has "flexibility" to care for children, the "maturity and intelligence" of the child should be "taken into account" in weighing the child's statements that the child would "rather live with the mother."

The contention is simply an attempt to argue the weight of the evidence by pleading the facts favorable to the wife. The evidence is voluminous and in some respects conflicting. There is no basis to disturb the ruling of the trial court under Rule 73.01(c) and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

█ The second issue to be determined is presented by the wife's claim that the trial court should have set aside the property settlement on the grounds of fraud. If the motion had alleged fraud extrinsic to the judgment, it could have been considered as if it were a separate equitable proceeding attacking the judgment. *S. v. S.*, 490 S.W.2d 344, 350 (Mo.App.1973); *Godsy v. Godsy*, 565 S.W.2d 726, 732 (Mo. App.), *appeal dismissed*, 439 U.S. 960, 99 S.Ct. 445, 58 L.Ed.2d 419 (1978). Fraud extrinsic to the judgment is shown when proof of facts is made which if known to the trial court would have caused the trial court to not enter the judgment. Facts which would have caused the court to enter a different judgment do not constitute a basis for fraud extrinsic to the judgment. *Godsy*, 565 S.W.2d at 733–734. Neither the pleadings nor the proof in this case demonstrate extrinsic fraud. The pleadings are an attempt to state a cause of action in

fraud against the husband, not one of fraud extrinsic to the judgment. The pleadings as framed would sustain a separate action in equity to set aside the agreement. A remarkably similar case is *Curtis v. Kays*, 670 S.W.2d 887 (Mo.App.1984).

There was no jurisdiction in the trial court under the pleadings or the tendered proof to set aside the original decree of divorce for extrinsic fraud. The court did not have any subject matter jurisdiction to set aside the decree.

■ The final issue in the case involves the changes made by the trial court in the original property settlement and its distribution of the omitted property. The controlling statute is plain, unambiguous, and explicit as it applies to the purported changes in the original decree.

4. The court's order as it affects distribution of marital property shall be a final order not subject to modification.

452.330.4, RSMo Supp.1984. The decree was final—the court had no jurisdiction to reopen a final judgment and change its provisions. The attempt to do so is void and of no effect.

■ The trial court, in its attempt to deal with the omitted property, was again without jurisdiction. The trial court apparently assumed that the fraud pleadings of the wife disclosed omitted property and gave the trial court power to divide or otherwise dispose of the omitted property. When a trial court has made a partial distribution of property and the judgment is final, the court has no jurisdiction under a motion filed in the original case to determine the nature of omitted property or provide for its distribution. The remedy in such a situation is to bring a separate suit in equity to determine the nature of the property and its proper allocation. *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 407 (Mo. banc 1980). A division of omitted property based on a motion filed in the trial court is not within the jurisdiction of the trial court and is void. *Yoder by Larson v. Horton*, 678 S.W.2d 901, 904 (Mo.App.1984).

■ In *Ploch v. Ploch*, 635 S.W.2d 70 (Mo.App.1982), the court, upon motion, permitted a distribution of omitted property where the divorce decree was final. The court in *Ploch* said that such a post-dissolution motion to dispose of omitted property was authorized by § 452.330, RSMo Supp. 1984. *Id.* at 72. Cited in support of that proposition are *Chenoweth v. Chenoweth*, 575 S.W.2d 871 (Mo.App.1978), and *Wilhoit v. Wilhoit*, 599 S.W.2d 74 (Mo.App.1980). *Ploch*, 635 S.W.2d at 72. Neither *Chenoweth* nor *Wilhoit* support *Ploch*. Section 452.330, RSMo Supp.1984, cannot afford a basis for filing a *motion* in a divorce proceeding long since final to distribute property omitted in the original decree. The statute provides for distribution of property by motion after a final decree of dissolution only when the court was without personal jurisdiction to distribute the property originally and such jurisdiction is subsequently acquired. *Ploch* and two subsequent cases, *Smith v. Smith*, 682 S.W.2d 834 (Mo.App.1984); and *Sink v. Sink*, 669 S.W.2d 284 (Mo.App.1984), which cite and rely on *Ploch* are erroneous insofar as they hold that § 452.330, RSMo Supp.1984, provides authority for dividing omitted property by motion after the initial dissolution decree is final. *State ex rel. McClintock* controls and requires that a separate action in equity be brought to determine the nature and division of the omitted property.

The trial court's orders with respect to modification of the property division in the original decree and the orders concerning omitted property were entered without jurisdiction. That determination precludes any discussion of the error the wife asserts, the orders being void in any event.

The judgment of the trial court as to modification of custody and support is affirmed and the cause is remanded to the trial court with directions to set aside the modifications of the division of property and reinstate the provisions of the original decree as to the division of property.

All concur.