**Dorothy MURPHY, Respondent,**

v.

**Jimmie Lee MURPHY, Appellant.**

**No. WD 37658.**

Missouri Court of Appeals,
Western District.

Sept. 16, 1986.

Lori J. Levine, Carson, Coil, Riley, McMillin, Levine & Veit, P.C., Jefferson City, for appellant.

David L. Knight, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for respondent.

Before CLARK, C.J. Presiding, and NUGENT and GAITAN, JJ.

CLARK, Chief Judge Presiding.

The appeal in this case is from a purported judgment ordering retroactive distribution between the husband and wife of a marital asset omitted from distribution under the original dissolution of marriage decree. Appellant-husband contends the judgment was in error because the asset in question, his military pension, was not a marital asset, or if it was, the subject of its disposition was concluded by the previous judgment in the case.

The marriage between these parties was terminated by a dissolution decree entered October 6, 1980.[1] That decree also undertook to divide the parties' assets and awarded child support and maintenance. The next proceedings in the case were recorded on August 15, 1983 when appellant filed a motion to modify the decree in respect to child support and maintenance. Respondent then filed her counter motion requesting increased child support and, in a first amended counter motion to modify, she requested the court to distribute to her a share in appellant's military pension

1. The judge's minute book records the date as October 6 but the clerk's record shows October

7. For purposes of this case, it is unnecessary to ascertain which date is correct.

which she contended was marital property omitted from division in the original dissolution decree.

By judgment entered October 18, 1984, the court ruled the motions sustaining appellant's request that child support be terminated and overruling his request to decrease the amount awarded for maintenance. The court also denied respondent's motion for distribution of the military pension noting that a motion to modify is not the proper procedure for seeking distribution of omitted marital property.

The legal file next records a "Motion To Distribute Marital Asset" filed in this same dissolution of marriage case on November 26, 1984. In the motion respondent sought the same relief asserted in the earlier motion, that is, distribution to her of a share of appellant's military pension retroactive to October 7, 1980. Despite a motion by appellant asserting that no cause of action was thereby stated and despite the court's earlier declaration that a motion filed in the dissolution case was not jurisdictionally appropriate to raise issues regarding assets omitted from distribution under the dissolution decree, the court inexplicably heard the cause on the merits and issued the judgment from which this appeal is taken.

We note that appellant does not raise the issue of jurisdiction in the trial court to enter the judgment in question although the same issue was presented in defense of the prior motion and the pleading responsive to the second motion was broad enough to cover the subject. The issue of jurisdiction is taken up sua sponte because a court always has the duty to inquire into and determine whether it has jurisdiction. *Corder v. Corder*, 546 S.W.2d 798, 800 (Mo.App.1977). If the trial court lacked jurisdiction to determine the issues presented on the merits, then the court of appeals similarly lacks jurisdiction which may not be conferred by waiver. *Hart v. Board of Adjustment of City of Marshall*, 616 S.W.2d 111, 113 (Mo.App.1981).

It has repeatedly been held, most recently in *Gehm v. Gehm*, 707 S.W.2d 491, 495 (Mo.App.1986), that when the trial court has made a partial distribution of marital property and the judgment has become final, the court has no jurisdiction under a motion filed in the original case to determine the nature of omitted property or provide for its distribution. The remedy is to bring a separate suit in equity. *State ex rel. McClintock v. Black*, 608 S.W.2d 405, 407 (Mo. banc 1980). A judgment which provides for distribution of omitted property based on a motion filed in the dissolution of marriage case after a previous judgment in the same case has become final is beyond the jurisdiction of the trial court and is void. *Yoder by Larson v. Horton*, 678 S.W.2d 901, 904 (Mo.App. 1984).

The judgment entered in this case awarding respondent a prospective and retrospective share in appellant's pension and awarding costs and attorney fees was void for want of jurisdiction. This court therefore has no jurisdiction to review the substantive errors of that judgment.

The appeal is dismissed. All costs are taxed against respondent.

All concur.