In re the MARRIAGE OF Carol Louise EDIC and Clifford Paul Edic.

Carol Louise EDIC,
Plaintiff-Respondent,

v.

Clifford Paul EDIC,
Defendant-Appellant.

No. 14523.

Missouri Court of Appeals,
Southern District,
Division One.

April 14, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1987.

Application to Transfer Denied
June 16, 1987.

**630**

Fred Charles Moon, Springfield, for plaintiff-respondent.

David G. Neal, Eminence, for defendant-appellant.

PER CURIAM:

The parties' marriage was dissolved on May 5, 1981. Incorporated in the dissolution decree was a separation agreement approved by the trial court. As proposed by the separation agreement the court awarded the parties joint custody of their child and divided certain property.

The separation agreement provided that the marital home in West Plains was to be sold and the "net proceeds" to be paid to respondent Carol Louise Edic. Neither the agreement nor the decree specified how or when the marital home would be sold. When the home was sold respondent was to "execute a Quit Claim Deed to the parties' 40 acre tract in Noble, Ozark County, Missouri." An 80–acre tract, whose record title was apparently in appellant Clifford Paul Edic at the time of the dissolution, was not mentioned in the separation agreement or in the decree.

Appellant was ordered to make the monthly payments required by the note and deed of trust securing its payment on the marital home. The separation agreement provided that appellant could continue to live in the home until its sale "so long as he resides in West Plains". He became unemployed and upon his failure to make payments on the note, the deed of trust on the property was foreclosed and the house sold. The price at the foreclosure sale reflected no equity, whereupon respondent refused to quit claim her interest in the 40–acre tract to him.

Thereafter the parties filed various motions and other pleadings directed at the disposition of their property. Other disputes between the parties related to respondent moving with the child to Utah, child custody, back child support, back medical expenses for the child, and attorney's fees for respondent. The trial court entered a new decree purporting to determine all of those disputes.[1] Clifford Paul Edic appeals from that decree.

Here, appellant complains of the trial court's award of $16,000 and attorney's

---

1. Apparently the decree intended that the 80–acre tract be set over to appellant. Although perhaps not clear, that appears to have been the intention of the trial court and we so construe its findings.

fees to respondent. Among appellant's contentions is the argument that all or a substantial part of that amount was awarded as damages to respondent for appellant's alleged breach of the separation agreement in not making the payments on the marital home and not properly maintaining it. Appellant contends that the award of damages was beyond the pleadings and that if there was such a claim he would be entitled to a jury trial for the determination of whether there was a breach and if so, respondent's damages.

 The trial court had authority to make additional orders regarding the parties' property as the decree of May 5, 1981, did not dispose of a substantial part of the parties' property, the 80–acre tract. *Ploch v. Ploch*, 635 S.W.2d 70 (Mo.App.1982).[2] This being so, we conclude that the trial court had the authority to enter the $16,000 monetary award to respondent, not as damages, but in order to make a "just" final division of all property as provided in § 452.330, RSMo 1978. The trial court has discretion in the division of marital property. *In re Marriage of Lindenfelser*, 596 S.W.2d 71, 72 (Mo.App.1980). A just division does not have to be equal. Id. The trial court has considerable discretion in the awarding of attorney's fees and the amount awarded. *S.R. v. S.M.R.*, 709 S.W.2d 910, 916 (Mo.App.1986). The trial court did not abuse that discretion.

The length of time that this matter has taken calls for its speedy disposition here. Our examination of the record convinces us that the judgment is supported by substantial evidence and is not against the weight of the evidence. A further opinion would have no precedential value and we affirm in compliance with Rule 84.16(b).

The judgment is affirmed.

All concur.

---

**2.** Arguably the decree of May 5, 1981, may not have been final because it did not dispose of the 80–acre tract nor set forth the manner of final disposition of the house and 40–acre tract.