Dollie I. **HALBROOK**, Respondent,

v.

William L. **HALBROOK**, Appellant.

No. 14899.

Missouri Court of Appeals, Southern District, Division One.

Nov. 12, 1987.

David G. Neal, Eminence, for appellant.

Ronald D. White, Robinson, Turley, Turley & White, Rolla, Joseph W. Rigler, Springfield, for respondent.

HOLSTEIN, Judge.

William L. Halbrook appeals from a judgment in what we take to be an equitable action to determine the parties' interest in two lots in Salem, Missouri, which were not specifically allocated or described in an earlier decree for dissolution of marriage. The brief contains three separate "Points Relied On." The essence of all three points is that the trial court erred in finding that real estate owned by appellant William Halbrook prior to his marriage to respondent Dollie (DePriest) Halbrook was marital property. We agree with appellant and reverse.

William was the owner of his home located on two lots in Salem, Missouri, prior to November, 1983. William and Dollie were married on November 15, 1983. Three days later both executed a warranty deed conveying William's home to William and his two daughters, Lucille Stinger and Shirley Milligan, as joint tenants with right of survivorship. The deed was a standard form warranty deed, but immediately after the legal description was the following declaration: "Rebecca (Dollie) Halbrook does hereby reserve a life estate for and during her natural life."

Three months to the day after the inception of the marriage, Dollie and William separated. An action for dissolution of marriage was filed a short time thereafter. The cause was tried on May 1, 1984.

Both William and Dollie denied the existence of any marital property at trial. Dollie, while being examined by her attorney, testified as follows:

Q. Now you and your husband have certain separate property? In other words, property acquired before this marriage; is that right?

A. Yes.

Q. And neither of you have any marital property, is that correct?

A. Yes.

William, called to testify at the same proceeding by his attorney, testified as follows:

Q. According to her testimony, both of you have no marital property. In other words, property you acquired during the marriage;—

A. No, no.

Q. —is that correct?

A. That's right.

Q. All the property which each of you had you brought into the marriage and you consider it to be your separate property?

A. That's right.

. . . .

Q. You have real estate which you brought into the marriage, too; is that correct?

A. Yes. Yes sir.

. . . .

Q. And you're asking all those items [acquired prior to the marriage] to be set aside to you?

A. Yes, sir.

The deed was not mentioned at the trial.

At the end of that hearing, the trial judge stated the property would be divided "... as per the oral testimony presented this date and incorporated in the formal decree." The docket entry contained an identical declaration.

In the decree filed June 4, 1984, the trial court omitted making any specific finding regarding the real estate which was testified to by William. However, the trial court made the following finding: "The court further finds that there was no marital property." No appeal was taken from that judgment.

On October 3, 1985, William filed a pleading which was captioned as a "Motion to Set Aside the Dissolution Decree" but did not seek such relief. The pleading recited the facts noted above and asked that he be awarded the two lots in Salem. The pleading also asked for an order that Dollie be required to execute a quitclaim deed to the lots.

 At the trial on this pleading, the parties agreed that the action would be treated as an equitable proceeding to distribute the property as authorized by *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980). See also *Gehm v. Gehm*, 707 S.W.2d 491 (Mo.App.1986). Issues tried by consent are treated as if they are raised by the pleadings, even though the latter are not formally amended to conform with the evidence. Once the issue of title to the particular tract is raised by the consent of the parties, it is incumbent on the trial court to adjudicate the same and render a judgment. *Arnett v. Venters*, 673 S.W.2d 67, 72 (Mo.App.1984); Rule 55.-33(b).[1]

No additional testimony was presented in this proceeding; however, the parties stipulated that William was owner of the two lots prior to the marriage and that the parties executed the deed to the lots containing the clause in which Dollie purported to "reserve" a life estate. The parties also stipulated that the value of the two tracts, and home located on the property, was $21,000.

In its findings of fact, the trial court determined that inasmuch as both parties had executed the deed to the two lots, that indicated a "... clear intent of the parties that the property was transmuted to marital property."

A judgment was entered July 16, 1986, determining the two lots to be marital property. These lots, being William's home, were set aside to him as his share of the marital property. However, William was ordered to pay Dollie $7,557.48. According to the judgment, that amount was the value of a life estate of a person Dollie's age as computed using $21,000 as the full value of the lots. See § 442.550. From this judgment, William appeals.

 A decree of dissolution, as it affects distribution of marital property, is a final order not subject to modification. § 452.360.2. The doctrine of res judicata is applicable to dissolution actions including all property dealt with under the original decree. *State ex rel McClintock v. Black*, supra, 406; *In re Marriage of Quintard*, 691 S.W.2d 950, 953 (Mo.App.1985). In the original dissolution action, Dollie and William both testified that the only property either of them had was nonmarital. William testified that he owned real estate prior to the marriage in which he retained an ownership interest at the time of the divorce. Dollie did not contest this testimony. The trial court declared both orally and in writing that the property would be divided according to the testimony of the parties. The decree, while it omitted any mention of the two lots, found there was no marital property. One aspect of res judicata is collateral estoppel or issue preclusion, a doctrine which precludes the same parties from relitigating issues previously adjudicated, unless it can be shown the judgment was obtained by extrinsic fraud. *Vinson v. Vinson*, 725 S.W.2d 121, 123–124 (Mo. App.1987). There is no claim here that in the original action either of the parties

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

and all references to statutes are to RSMo 1986.

fraudulently failed to disclose the nature or existence of their interests in the property. The unambiguous finding of the original trial court that there was no marital property, after full disclosure of the extent of property and manner of its acquisition, precludes relitigation of that issue and is conclusive. To find otherwise is error.

Two issues relating to the two lots were not resolved in the original dissolution decree. The statutes are silent as to how to deal with issues relating to property which remain unresolved after a decree of dissolution has become final. While not authorizing relitigation of questions previously decided, the courts have authorized equitable actions to determine unresolved questions relating to the allocation of property after a decree of dissolution has become final. See *McClintock, supra,* 407; *Gehm, supra,* 495.

The first issue unresolved in the original dissolution decree was a determination of what nonmarital or separate property interests Dollie and William had in the two lots in Salem. William was the sole owner of the property prior to the marriage and prior to the conveyance. He acquired no additional interest as a result of the November 15, 1983, deed in which he was the grantor. Whatever interest he retained after the execution of the deed continued to be his separate property.

■ Did the deed create any separate property interest in Dolly? Long prior to the enactment of the current dissolution of marriage statutes, our Supreme Court considered whether a reservation or exception of a life estate by a wife who joined as grantor in a conveyance by her husband of the husband's separate property was effective to create any title in the wife. The court held that while such a deed may be effective to withhold the conveyance of certain inchoate rights of a surviving spouse in her husband's estate, she takes nothing by the deed. In *Lemon v. Lemon,* 273 Mo. 484, 201 S.W. 103, 105 (Mo.1918), the court said:

> In order for [the wife] to take anything by this deed, she must either (a) have had the estate herself beforehand and re-

served it or had it reserved for her in this grant, or (b) her husband (who actually had it) must have conveyed it to her by this deed. Since the first condition did not exist and the second never happened, [the wife] took nothing, and there was reserved for her nothing beyond what she had already.

Notwithstanding the trial court's finding, the deed in question did not manifest any intent by William to transfer or "transmute" an interest to Dollie. She was a grantor, not a grantee. The reservation of a life estate was declared by Dollie, not William. At the time Dollie executed the deed, she could only reserve her inchoate interests as a potential surviving spouse. See § 474.150. That interest terminated when the marriage was dissolved. *Weindel v. Weindel,* 126 Mo. 640, 29 S.W. 715, 717 (1895). We conclude the deed did not convey any separate property interest in the lots to Dollie.

■ The second issue unresolved in the original dissolution decree was the description of the real estate. To effectively dispel questions of title to real estate involved in a dissolution action, full legal descriptions must be included. *Fields v. Fields,* 584 S.W.2d 163, 167 (Mo.App.1979). Here, the parties agree as to the propriety and sufficiency of the legal description to the property. It is appropriate in this proceeding to supplement the judgment in the original dissolution action to provide a proper legal description.

There is no further factual adjudication necessary. We reverse the judgment of the trial court and remand with directions that the trial court enter a new judgment describing the two lots in Salem, Missouri, and ordering that any interest in said real estate as was retained by the parties after the deed of November 15, 1983, is William's separate property.

CROW, C.J., and GREENE, P.J., concur.