Theodore G. CHRUN, Appellant,

v.

Lorraine G. CHRUN, Respondent.

No. 70060.

Supreme Court of Missouri,
En Banc.

June 14, 1988.

John A. Kilo and Elliott I. Goldberger, St. Louis, for appellant.

Mary Ann Weems, Clayton, for respondent.

ROBERTSON, Judge.

Appellant, Theodore G. Chrun ("husband"), appeals a judgment of the Circuit Court awarding his former wife, respondent, Lorraine G. Chrun, ("wife") a portion of his current monthly pension payment from the Police Retirement System of the City of St. Louis. The Court of Appeals, Eastern District, reversed on the merits, but certified the case to this Court to determine the proper procedure for dividing marital property between former spouses not divided in the original dissolution of marriage action, citing a conflict between the Eastern District's *Ploch v. Ploch*, 635 S.W.2d 70 (Mo.App.1982), and the Western District's *Gehm v. Gehm*, 707 S.W.2d 491 (Mo.App.1986). We have jurisdiction. Mo. Const. art. V, § 10. Because we find that the trial court does not have jurisdiction, we reverse.

I.

The Chrun marriage was dissolved by a decree dated January 30, 1975; no appeal was taken. At the time of the dissolution of marriage, husband was an employee of the Police Department of the City of St. Louis and was contributing to a pension plan which was not fully vested. The original dissolution decree awarded the real estate owned by the parties to the wife as well as the entirety of the marriage's personal property, furniture and household furnishings then in the marital home. The husband was also ordered to pay maintenance and child support. The decree awarded no property to the husband. The decree did not mention either the retirement or pension benefits of the husband or the fact that the husband received a 1965 Chevrolet valued at approximately $200.00. Husband listed his contribution to the pension plan as a deduction from his salary on his statement of income and expenses filed as an exhibit. The transcript also reveals that he testified as to the amount of the bi-weekly deductions from his pay for pension contributions at the hearing; both the attorneys for husband and wife were present.

On May 2, 1986, more than eleven years after the decree became final, wife filed her motion to modify the decree or, in the alternative, to distribute undistributed assets. The motion speaks solely to the retirement or pension benefits, to which the wife now lays claim.

The wife's motion states that at the date of the hearing on the original dissolution, the husband's pension plan was not considered marital property subject to division and that

[c]ircumstances have changed so substantially and continuing as to make the terms of the original decree unreasonable to-wit:

A. Pursuant to case law, retirement and pension plans are now considered marital property subject to division by the Court.

B. The aforesaid information was not available to the parties or to the Court and the status of the law has changed since the date the Decree of Dissolution was entered.

The motion further indicates that the pension and retirement plan is an undistributed asset of the marriage which now may be apportioned by the court.

The husband moved to dismiss, claiming that the trial court lacked jurisdiction to modify the dissolution order by motion in the original case. The trial court, while aware of the conflict between *Gehm* and *Ploch,* and indicating that it felt that the reasoning of *Gehm* was "more in keeping with *State ex rel. McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980)," considered itself bound by *Ploch* and proceeded to decide the case on the merits. The trial court awarded the wife 25 percent of 74 percent of the husband's current monthly pension payment from the retirement system. Husband appealed.

## II.

### A.

In *State ex rel. McClintock v. Black,* 608 S.W.2d 405, this Court held that once the time for appeal has run following an entry of an order for dissolution, the order is both *res judicata* and final as to the property with which it deals. If a party does not request division of property held in the name of the other spouse, in the absence of a showing in the trial record of the existence of the property, the judgment is nevertheless final. "To hold otherwise

would be to repeal that portion of Section 452.360, RSMo 1978, which provides that a 'court's order as it affects distribution of marital property shall be a final order not subject to modification." 608 S.W.2d at 407. Realizing that the legislature had failed to make any provision for a procedure to divide marital property not apportioned in the original dissolution decree after that decree became final, the Court expressed its hope that the General Assembly will "fill in this patent gap in the Dissolution of Marriage Law." 608 S.W.2d at 407. The court suggested "that [the wife] file in the trial court a separate proceeding seeking equitable relief in this rather unique fact situation."

Subsequently, in *Ploch v. Ploch,* 635 S.W.2d 70, the Eastern District relied on Section 452.330, RSMo 1986, as authority for a post-decree motion to divide marital property not before the court in the underlying dissolution of marriage action. Section 452.330 provides:

1. In a proceeding ... for disposition of property following dissolution of the marriage by a court which *lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property,* the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors....

[Emphasis added]. The *Ploch* court held that "the section 452.330 provision for these post-decree proceedings is to remedy inadvertence, oversight, and worse, and the only issue germane to maintaining such proceeding is whether property remains undisposed of, not why it remains so." *Ploch,* 635 S.W.2d at 72. The Eastern District followed *Ploch* in *Sink v. Sink,* 669 S.W.2d 284 (Mo.App.1984) and *In re Marriage of Edic,* 729 S.W.2d 629 (Mo.App. 1987).

In *Gehm,* 707 S.W.2d 491, the Western District criticized *Ploch* as "erroneous" and held:

When a trial court has made a partial distribution of property and the judgment is final, the court has no jurisdic-

tion under a motion filed in the original case to determine the nature of omitted property or provide for its distribution. The remedy in such a situation is to bring a separate suit in equity to determine the nature of the property in its proper allocation. *State ex rel. McClintock v. Black.* . . .

707 S.W.2d at 495. *Murphy v. Murphy*, 716 S.W.2d 870 (Mo. App. 1986), also from the Western District, follows *Gehm.*

### B.

Faced squarely with a conflict between the districts of our Court of Appeals, we now hold that post-final-judgment efforts to divide marital property not previously divided in a dissolution action require an independent suit in equity. This result is consistent with *Gehm* and rejects the reasoning of *Ploch.*

*Ploch* seems to assume that the only predicate for the application of Section 452.330 is the presence of undivided marital property. That statute does not authorize the use of a motion to distribute property omitted in the original decree. By its own terms, Section 452.330 is applicable only to those instances in which the court lacked personal jurisdiction over an absent spouse or lacked jurisdiction to dispose of the property and jurisdiction is subsequently acquired. *Gehm*, 707 S.W.2d at 495.

When a judgment of the trial court distributing marital property becomes final, it may not be modified in the same case. *State ex rel. McClintock v. Black*, 608 S.W.2d 405. To the extent that property is not divided by the decree of dissolution, the only remedy after the judgment becomes final is a separate suit in equity.[1]

### III.

■ We turn now to consider whether the motion filed by the wife is sufficient to invoke the equitable powers of the court and thus may be considered an independent

suit in equity. We look to substance, not form.

Equity will provide relief against a judgment obtained by extrinsic fraud, accident or mistake. *Robinson v. Clements*, 409 S.W.2d 215, 221 (Mo.App.1966); *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883, 888 (Mo. banc 1987). In order for this Court to treat wife's motion as an independent suit in equity, however, we must be satisfied that the motion avers grounds for equitable relief.

Despite counsel for wife's statements at oral argument to the contrary, the motion in this case makes no averments nor could it be liberally construed as pleading equitable grounds for review of the judgment. Instead, the language of the motion is consistent with that customarily employed in motions to modify decrees, citing changed circumstances but making no reference to mistake, accident or extrinsic fraud.

Even affording wife's motion a liberal construction, we cannot say that she has invoked the equitable powers of the court to divide the previously undivided property. The trial court was thus without jurisdiction to proceed, the judgment in the dissolution having become final. The judgment of the trial court is reversed.

BLACKMAR, DONNELLY, WELLIVER, RENDLEN, and HIGGINS, JJ., and HOUSER, Senior Judge, concur.

BILLINGS, C.J., not sitting.

---

1. Rule 74.06 (effective January 1, 1988), modifies this result. The rule is not applicable in this case, however. It allows a post-final-judgment motion under enumerated circumstances, within one year. After the expiration of that time, an independent action in equity is required.