Rita J. BORN, Petitioner–Appellant,

v.

Vernon E. BORN, Respondent–Respondent.

No. 53364.

Missouri Court of Appeals, Eastern District, Division One.

July 12, 1988.

Thomas J. Frawley, St. Louis, for petitioner-appellant.

Douglas R. Beach, Robert N. Hamilton, St. Louis, for respondent-respondent.

REINHARD, Judge.

Wife appeals from an order of the trial court dismissing the third count of her post-dissolution motion. We affirm.

Husband and wife were divorced on April 9, 1980, and their separation agreement was incorporated into the dissolution decree. On March 11, 1985, wife filed a three-count motion in the dissolution court. In the first count wife sought a contempt citation against husband for failing to carry out the dissolution decree regarding two insurance policies. Count II contained a request that the court order husband to comply with the decree concerning the two policies, and in Count III she asked the court to divide marital property, husband's retirement plans, which had been omitted from the agreement and the decree in 1980. Husband moved to dismiss wife's motion.

On May 12, 1986, the court held a hearing on the motions, partially denying husband's motion to dismiss and denying in part and granting in part wife's motion. The court continued the proceeding for further argument and evidence on issues remaining on all three counts of wife's motion and on husband's motion to dismiss. Husband filed a motion and an amended motion for rehearing and later filed a motion to dismiss Count III of wife's motion for lack of subject matter jurisdiction. On May 21, 1987, the court granted husband's motion, dismissing Count III of wife's motion.

On appeal wife contends the court erred in dismissing her motion to divide marital property, the third count of her motion. She argues the court does have jurisdiction to consider a motion to divide marital assets omitted from a dissolution decree which has become final, citing our cases of *Sink v. Sink*, 669 S.W.2d 284, 285 (Mo.App. 1984), and *Ploch v. Ploch*, 635 S.W.2d 70, 72 (Mo.App.1982).

In *Chrun v. Chrun*, 751 S.W.2d 752 (Mo. banc 1988), the Supreme Court overruled *Ploch* and held that the proper procedure to obtain division of marital property omitted from a final dissolution decree is an independent suit in equity, not a motion to divide marital property filed in the dissolution court. *Chrun*, 751 S.W.2d at 755. The court found this result consistent with the statement in State ex rel. *McClintock v. Black*, 608 S.W.2d 405, 407 (Mo. banc 1980), and the cases of the Missouri Court of Appeals, Western District. *See Murphy v. Murphy*, 716 S.W.2d 870, 871 (Mo.App. 1986); *Gehm v. Gehm*, 707 S.W.2d 491, 495 (Mo.App.1986).

██ In the present case the dissolution decree became final in May 1980, 30 days after it was entered. Rule 81.05. The court did not have jurisdiction to consider wife's motion to divide the omitted marital property on March 11, 1985. Further, wife's motion fails to invoke the equitable powers of the court, and, therefore, it cannot be considered an independent suit in equity. *Chrun*, 751 S.W.2d at 755. The court properly dismissed Count III of wife's motion.[1]

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. Rule 74.06 (effective January 1, 1988) is not applicable in this case. Rule 74.06 allows a post-final-judgment motion in enumerated circumstances. Such a motion must be filed within one year of the entry of the judgment. Thereafter, an independent suit in equity is required. Rule 74.06; *Chrun*, 751 S.W.2d at 755, note 1. Because wife filed her motion nearly five years after the dissolution decree was entered, even if Rule 74.06 applied, she would have been required to file an independent suit in equity.