Louanna Lee MOORE, Appellant,

v.

Carl James MOORE, Respondent.

No. WD 33952.

Missouri Court of Appeals,
Western District.

July 5, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Aug. 30, 1983.

Elizabeth Burkdoll, Benson & McKay, Kansas City, for appellant.

Hadley E. Grimm, Collins & Grimm, Macon, for respondent.

Before CLARK, P.J., and DIXON and NUGENT, JJ.

CLARK, Judge.

Louanna Moore, petitioner in a dissolution of marriage case concluded at an earlier date, appeals from an order dismissing a suit filed by her in equity seeking division of marital assets purportedly not distributed by the dissolution decree.

Reversed.

Analysis of the situation presented in the equity suit requires some review of earlier proceedings in the marriage dissolution action. That case was commenced by appellant and prosecuted by her to a default judgment entered June 13, 1979. In the hearing which preceded entry of the decree, appellant produced a property settlement agreement signed by her and respondent here. The agreement ostensibly divided all the marital assets and, according to appellant's testimony, the agreement was "fair and just." The court found the agreement not to be unconscionable and, because there was no provision therein to the contrary, the property division as set out became decretal. Section 452.325, RSMo 1978; *In Re Marriage of Haggard,* 585 S.W.2d 480 (Mo. banc 1979). The dissolution decree matured to finality without incident.

At sometime within the year following entry of the decree, a dispute arose between appellant and respondent as to what had been agreed in the property division. The focus of controversy was 140 head of cattle having an estimated value at the date of the decree of $75,000.00 to $80,000.00 less a bank debt. The cattle were not expressly mentioned in the agreement which set over to respondent farmlands, implements and motor vehicles in exchange for payment to appellant of $30,000.00. The agreement provided otherwise for an equal division of assets. Appellant contended she was entitled to one-half of the proceeds realized from sale of the cattle. Respondent argued that the payment of $30,000.00 had been intended to cover appellant's interest in the cattle, but by error of appellant's attorney, the mention of the cattle had been inadvertently omitted from the agreement. This version of the agreement was confirmed to some extent by the language of appellant's dissolution petition which suggests that the parties had agreed to the format of property division before the petition was filed.

To secure adjudication of the dispute, appellant first filed a motion in the dissolution case seeking to reopen the property division. This record shows no disposition of that motion, but the assumption is the motion was overruled. The present action for equitable division of assets alleged to remain undistributed was commenced in July, 1981. On motion of respondent the trial court dismissed the petition for failure to state a cause of action and appellant elected not to plead over but prosecuted this appeal.

The statement of the point in appellant's brief fails to comply with Rule 84.04(d) in that it does not state wherein and why the order dismissing appellant's petition is claimed to have been erroneous. The point merely asserts "The Supreme Court of Missouri authorizes such a proceeding (Appellant's Petition for Equitable Distribution of Undistributed Marital Property), when a marital asset remains undistributed." The issue is further clouded by the confusing and self-contradicting allegations of appellant's petition asserting, in part, as follows:

"6. That the parties, at the time of dissolution, further owned $80,000.00 worth of marital property, to-wit, cattle, which was not expressly distributed under the terms of the Separation Agreement which fell within paragraph 4 of said agreement.

7. That paragraph 4, which allowed the parties to distribute their marital property at a future date, was a failure on the part of the trial judge to make a final disposition of all marital property pursuant to Section 452.330, RSMo. (1978)."

Completing this litany of disarray is the record of the dissolution hearing which we notice despite the character of the present suit as an independent action. Appellant, the sole witness at the hearing, was not questioned by the court or counsel as to whether the property settlement divided all marital assets nor was she asked the values of the assets or the amounts of the debts respondent was to assume. The court noted these omissions during a brief exchange before he entered the decree, but despite any record from which assets, values and debts could be calculated, the court pronounced the property settlement agreement not unconscionable.

Appellant's contentions here and in the trial court have tended to obscure and confuse the root issue upon which maintenance of the present action turns. If the cattle were not included among the assets divided by the property settlement agreement and, hence, not distributed by the decree, the equitable proceeding instituted by appellant is a cause of action she was entitled to pursue, *State ex rel. McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980) and it was error to dismiss the cause. If, however, appellant was to receive one-half of the value of the cattle under paragraph 4 of the settlement agreement, a claim earlier advanced and repeated with qualification in the petition, then the property has been distributed and the prior judgment is res judicata. We interpret appellant's point on appeal as adopting the claim that the cattle

were not distributed by the agreement because that is the only basis upon which the cited authority of *State ex rel. McClintock v. Black, supra,* would apply. The question is whether the petition states a case for subsequent division of pretermitted marital assets.

▉ The rules governing review in cases where a pleading has been dismissed for failure to state a claim are well settled. The pleading is to be construed most favorably to the pleader giving him the benefit of every reasonable and fair intendment in view of the facts alleged and, if the allegations invoke principles of substantive law which may entitle the pleader to relief, the petition is not to be dismissed. *Watson v. Franklin Finance,* 540 S.W.2d 186, 188 (Mo. App.1976). A petition is not to be dismissed for failure to state a claim unless it appears the pleader can prove no set of facts in support of the claim which would entitle him to relief. *Laclede Gas Company v. Hampton Speedway Company,* 520 S.W.2d 625, 630 (Mo.App.1975).

There is no doubt in the present case that the cattle comprised a substantial marital asset and that no effective division of the cattle was documented. At a hearing on appellant's earlier motion, the trial judge acknowledged that he knew nothing of the existence of the cattle when he entered the decree. Respondent agrees that the cattle were omitted, although by oversight of the attorney who drew the settlement agreement. In respondent's view the cattle should be set over to him as part of the consideration for the payment of $30,000.00 made to appellant.

In this factual setting, the inartfully drafted allegations of appellant's petition describe an action seeking to reopen the property division aspect of the dissolution case for the purpose of dividing the omitted marital property. While appellant appears to assert entitlement to one-half of the cattle under the general provision of the property settlement, she also charges that term

to have been ineffectual because operative in the future in violation of the statutory requirement for final division of property on entry of the decree.[1] Appellant thereby, of necessity, abandons any claim to one-half the cattle because that entitlement would rest solely on the disavowed agreement.

▉ The trial judge expressed no ground for sustaining respondent's motion to dismiss the petition and the motion itself makes no attempt to particularize the basis for the claim that no cause of action is stated. Some argument is presented by respondent suggesting that the petition will not lie if its purpose is to compel performance of an equal division under the agreement of the proceeds from a sale of the cattle. With that we would agree, but the petition, given its broadest cast, is not so limited. As discussed above, the petition can be construed as seeking to reopen property distribution to accomplish division of the cattle as an omitted asset. So couched, the allegations present a cause of action sufficient to withstand dismissal on motion.

In the construction given appellant's pleading here, she has been afforded all beneficial inferences and liberality, but only for the limited purposes of deciding this appeal. No opinion is expressed as to the entitlement of appellant to a share in the cattle or to the other provisions of the marital property division already accomplished. On remand, it will be the responsibility of the trial court to make such disposition of the cattle as may appear proper taking into consideration the factors listed in § 452.330, RSMo Supp.1982 and such other evidence as may be presented.

For the reasons stated we conclude the petition presented by appellant stated a justiciable cause under *State ex rel. McClintock v. Black, supra,* and the trial court therefore erred in ordering the petition dismissed. That order is reversed and the case

1. We express no opinion on the merits of this contention which has no bearing on disposition of the present appeal.

is remanded for further proceedings consistent with this opinion.

All concur.