James M. YATES, Appellant,

v.

Susan V. YATES and John R. Fischer, Respondents.

No. 48224.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 23, 1984.

J. Thomas Archer, James E. DeFranco, St. Louis, for appellant.

Conway B. Briscoe, Jr., Anderson, Gilbert, Wolfort, Allen & Bierman, Joel D. Monson, Michael R. Swafford, St. Louis, for respondents.

CRIST, Judge.

Plaintiff Yates (husband) appeals from the grant of summary judgment to defendant Yates (wife) and defendant Fischer (third party) on plaintiff's petition alleging conversion. We affirm the summary judgment as to wife, but reverse and remand as to third party.

Husband and wife, during their marriage which began in 1962, acquired a farm and some farm equipment. On October 17, 1976, wife filed a petition for dissolution of the marriage. Both husband and wife were represented by counsel; third party was not involved in the proceeding. In August of 1978, during the pendency of the dissolution, wife sold the farm equipment, which husband claims was worth $15,000, to third party for $6,000.

Husband, on October 29, 1979, filed several motions concerning that action, asking for an order restraining wife from selling other assets, seeking modification of a *pendente lite* order of child support and maintenance because of the sale, a change in custody, and his return to wife's motion to hold husband in contempt for failing to pay ordered maintenance and support. Wife was restrained from further sales of marital assets on the condition that husband pay past due child support. All other motions were continued to a future date. Rulings thereon are not reflected in the record. Both parties attempted to use the sale of the equipment as a factor in the property division; husband claiming he should be

made whole by receiving a credit of one-half the value of the property sold, and wife claiming the sales were due to husband's failure to make the court-ordered payments. No specific findings concerning the equipment issue were requested from or made by the dissolution court in its decree. Modifications to the decree, made at the request of both parties', did not concern this issue. Neither party appealed, and the decree is final.

Husband then commenced the present action, alleging the sale of the equipment constituted conversion. Wife and third party moved for summary judgment claiming the decree of dissolution was *res judicata.* We affirm as to wife, but reverse as to third party.

In a dissolution proceeding, the trial court is required to determine the status, either separate or marital, of all property owned by the parties, and to dispose of it in accordance with the provisions of the statute. Section 452.330.1 RSMo (Supp.1983). The purpose is to avoid any need for future litigation. *F.W.H. v. R.J.H.,* 666 S.W.2d 910, 912 (Mo.App.1984). Wife was awarded $80,000 by the decree. The matter of the sale had been brought to the attention of the trial court, and the judgment is final as to the property division decreed therein. *State ex rel. McClintock v. Block,* 608 S.W.2d 405, 406–7 (Mo. 1980). As there are no allegations of undistributed property, *See Moore v. Moore,* 657 S.W.2d 37, 39 (Mo.App.1983), matters between husband and wife concerning the property are *res judicata, McClintock,* 608 S.W.2d at 406–7.

Third party asserts he was entitled to a summary judgment on the same basis as wife. Third party could have been added to this dissolution action, and his rights determined therein. *Dreyer v. Dreyer,* 657 S.W.2d 363, 364 (Mo.App.1983) He was not in that action. The rights of husband and wife *inter se* could be, and were, determined in the dissolution in third party's absence, but the rights of third party could not be, and were not, determined in that proceeding in his absence. *Whitenton v. Whitenton,* 659 S.W.2d 542, 548 (Mo.App. 1983); *See Dreyer,* 657 S.W.2d at 366. Therefore, the grant of summary judgment to third party was improper.

The summary judgment in favor of wife is affirmed. The summary judgment in favor of third party is reversed and remanded for further proceedings.

DOWD, P.J., and CRANDALL, J., concur.