Paul FISHER, Plaintiff-Appellant,

v.

STEELVILLE COMMUNITY BANC-SHARES, INC., and First Community National Bank of Crawford County, Defendants-Respondents.

No. 14175.

Missouri Court of Appeals,
Southern District,
Division Two.

July 18, 1986.

Rehearing Denied Aug. 11, 1986.

Donald S. Hilleary, Clayton, for plaintiff-appellant.

R. Brooks Kenagy, Beckham, Hale, Howald & Kenagy, Steelville, John H. Quinn, III, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for defendants-respondents.

MAUS, Judge.

In this action a minority shareholder in a state bank seeks to recover actual and punitive damages from the majority shareholder. The state bank was merged with a national "phantom bank" in which a bank holding company is the sole shareholder. The bank holding company was also the majority shareholder in the state bank and is the principal defendant. The national bank is an added defendant. The trial court sustained the defendants' motion to dismiss the first amended petition. The plaintiff minority shareholder appeals.

The first amended petition is not a paragon of pleading. It does not contain "a *short* and *plain* statement of the facts" as required by Rule 55.05 (emphasis added). Allegations of fact that are found in the first amended petition are not set forth in a fashion or sequence to emphasize the elements of the cause of action stated. Those elements are further obfuscated by the allegation of facts that do not establish those elements and by interspersed repetitious conclusory allegations. Nonetheless, when attacked by a motion to dismiss, that petition "is to be construed most favorably to the pleader giving him the benefit of every reasonable and fair intendment in view of the facts alleged and, if the allegations invoke principles of substantive law which may entitle the pleader to relief, the petition is not to be dismissed." *Moore v. Moore*, 657 S.W.2d 37, 39 (Mo.App.1983).

So construed, the following is a summary of the allegations of the first amended petition. Community Bank (Community) was a bank organized and existing under the laws of Missouri. The plaintiff was a minority shareholder in Community. Steelville Community Banc-shares, Inc. (Banc-shares) was incorporated in 1979. Banc-shares became the majority shareholder of Community. The same persons were directors of Community and directors of Banc-shares. Banc-shares controlled Community. Banc-shares determined to eliminate minority shareholders in Community and to acquire their stock at an unfairly low price. Banc-shares determined to facilitate that plan by causing Community not to pay dividends to its shareholders. Banc-shares did cause plaintiff to suffer a loss of dividends during 1979 through 1983. As a result of such action, the plaintiff was damaged by the loss of dividends and a reduction in the value of his shares in Community. First Community National Bank of Steelville, Mo. (National) was formed in 1982 or 1983. In February, 1983, Community was merged into National. As a result, the plaintiff was eliminated as a shareholder in Community. The actions of Banc-shares served no good faith business purpose. Such actions were a breach of Banc-shares' fiduciary duty to the plaintiff as a minority shareholder. Further, it was alleged such breach of defendants' fiduciary duty was willful and malicious and without just cause or excuse. The petition then prayed for actual and punitive damages. A second count was a restatement of the first, except the defendants' conduct was characterized as being in reckless disregard of the rights of the plaintiff.

The defendants filed a "Motion to Dismiss Plaintiff's Amended Petition, or in the Alternative, Motion for Summary Judgment." The first motion asserted the first amended petition should be dismissed because it failed to state facts upon which relief could be granted for reasons which

included the following. The plaintiff did not exhaust his administrative remedies provided by statute and regulation, which administrative remedies were exclusive. The petition failed to allege plaintiff had made demand that dividends be paid. The relief sought could not be granted subsequent to the consummation of the merger set forth in the first amended petition. The first motion also added that the plaintiff's claim was finally determined under administrative procedures provided in 12 U.S.C. § 215a and 12 C.F.R. § 5.1 et seq. (1986).

The second motion sought a summary judgment for those same reasons. The motion for summary judgment added, "The pleadings and affidavits on file demonstrate there was an actual and bona fide business purpose for the merger and that the merger was fundamentally fair to minority shareholders."

In support of its motion for summary judgment, the defendants filed an affidavit of the person who was the president of National and of Banc-shares and was the former president of Community. The plaintiff had previously filed his affidavit in opposition to a motion for summary judgment directed to the original petition. The plaintiff filed a motion to stay hearing, pending discovery, upon the defendants' second motion for summary judgment. In addition, the plaintiff filed a motion to file a second amended petition.

A docket entry dated August 16, 1984, recites, "Motions argued and taken under advisement." On January 29, 1985, the trial court entered the following:

Court finds that plaintiff made an election of remedies when he chose to procede [sic] under 12 USC 215a and 12 CFR 5.01–5.13. That having made such election, he must now follow that trail to its end and therefore this court is without jurisdiction to consider plaintiff's case. Defendant's motion to dismiss sustained at plaintiff's costs. All other pending motions moot.

An appeal lies from a final judgment. § 512.020, RSMo 1978. As the term is so used, a final judgment is customarily embodied in a more formal entry. That is often necessary to establish a basis for appeal. It is desirable to carefully articulate the action of the court. However, the order of dismissal did dispose of all issues and all parties. The parties treated the entry as a final judgment and it will be so accepted by this court. See *Smith v. Consolidated School District No. 2*, 408 S.W.2d 50 (Mo. banc 1966).

By his initial brief, the plaintiff contended the trial court erred in dismissing his first amended petition for failure to state a cause of action. By their brief, the defendants took issue with this contention. In that brief the defendants also contended the judgment of the trial court should be affirmed because the evidentiary material established they were entitled to a summary judgment. By his extensive reply brief, the plaintiff answered the latter contention.

The latter contention deals with an issue not before this court. The entry of January 29, 1985, is cryptic. That portion finding that the plaintiff made an election of remedies could be construed as a finding made upon the motion for summary judgment. However, it is possible that finding was made by the trial court from a construction of the face of the petition. It is clear the action of the trial court was to sustain the defendants' motion to dismiss. In similar circumstances, it has been stated:

In *Feinstein v. Edward Livingston & Sons, Inc.*, 457 S.W.2d 789 (Mo.1970), a motion to dismiss for failure to state a claim upon which relief can be granted was accompanied by an alternative motion for summary judgment. The trial court sustained the motion to dismiss but the motion for summary judgment 'was not passed upon by the trial court, but, instead, was merely declared by the trial court as being moot.' The supreme court held that the motion for summary judgment was not before it for review and the court reviewed only the ruling on the motion to dismiss, the review being confined to the face of the petition.

*American Drilling Service Co. v. City of Springfield,* 614 S.W.2d 266, 270 (Mo.App. 1981). That decision is particularly applicable to this case in view of the pending motion to stay a hearing upon the motion for summary judgment. That motion was declared moot. The issue before this court is whether or not the trial court erred in sustaining the defendants' motion to dismiss under Rule 55.27(a)(6).

The plaintiff contends the petition states a cause of action for a breach of fiduciary duty by a majority shareholder. That a duty of that character exists is well established. *Bayne v. Jenkins,* 593 S.W.2d 519 (Mo. banc 1980); *Jackson v. St. Regis Apartments, Inc.,* 565 S.W.2d 178 (Mo. App.1978); *Fix v. Fix Material Co., Inc.,* 538 S.W.2d 351 (Mo.App.1976). The scope of that duty has not been fully defined by application to categorized factual patterns. *Forinash v. Daugherty,* 697 S.W.2d 294 (Mo.App.1985). It is often defined in general terms such as "fairness" or "good faith." *Lebold v. Inland Steel Co.,* 125 F.2d 369 (7th Cir.1941). However, allegations that a majority shareholder, who controlled the corporate directors, caused dividends to be withheld and depressed the value of the stock of a minority shareholder for the purpose of acquiring that stock state a cause of action against the majority shareholder. Cf. *Twenty Seven Trust v. Realty Growth Investors,* 533 F.Supp. 1028 (D.Md.1982).

The trial court did not find otherwise. The finding of the trial court and the defendants' primary contention is based upon a different position. The defendants' position is that the plaintiff is barred from seeking damages because the petition pleads facts constituting a defense to the cause of action stated. See *Household Finance Corporation v. Avery,* 476 S.W.2d 165 (Mo.App.1972). That position is based upon a construction that the petition pleads the following facts. Community merged into a national banking association (National) under the provisions of 12 U.S.C.S. § 215a and 12 C.F.R. § 5.1 et seq. The plaintiff was a dissenting shareholder to that merger within the meaning of 12 U.S.

C.S. § 215a(b) and elected to receive "the value" of his shares as provided in that section. Such a construction may be more favorable to the defendants than is required. However, the parties have so construed the petition and present their contentions on that basis. That construction will be accepted by this court.

The defendants first contend the plaintiff's action is barred by the existence of an exclusive administrative remedy of dissent and appraisal providing for payment of "the value" of the plaintiff's shares under 12 U.S.C.S. § 215a. They further assert the action is barred because the plaintiff did elect to dissent and participated in a committee appraisal provided by § 215a(d) but did not further pursue the administrative remedy provided by that section.

To support those contentions, the defendants premise much of their argument on the proposition that this is "a suit to recover the alleged value of Plaintiff's stock for which Plaintiff had adequate and exclusive remedies under statute and regulation. 12 USC 215a; 12 CFR § 5.01–5.13." This proposition is emphasized in their second point which asserts plaintiff "cannot now recover the value of his stock again in a subsequent suit." That is an improper premise. The plaintiff does not in this action seek to recover the value of his shares in Community. Nor does he seek to enjoin or "unravel" the merger. Cases cited dealing with such an attempt are not controlling. However, it should be acknowledged that some courts have held that where there has been a breach of fiduciary duty, a fraudulent merger, or a merger contrary to statute, a dissenting shareholder may seek damages in lieu of an appraisal. *Shidler v. All American Life & Financial Corp.,* 775 F.2d 917 (8th Cir.1985); *Mullen v. Academy Life Ins.,* 705 F.2d 971 (8th Cir.1983). In this connection it has been held a merger in which a shareholder was tendered shares in a holding company rather than in the resulting bank was contrary to statute. *Marcou v. Fed. Trust Co.,* 268 A.2d 629 (Me.1970). But see, *Martin v. Kilgore First Bancorp,*

*Inc.*, 747 F.2d 1024 (5th Cir.1984), cert. denied — U.S. ——, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985).

The plaintiff seeks damages by reason of wrongful withholding of dividends and diminution in the value of his shares before merger. The cited statute provides for an appraisal of "the value" of those shares "as of the effective date of the merger." § 215a(c). The plaintiff's election under that section could not bar this action unless those damages alleged to have resulted from the breach of fiduciary duty were cognizable in that administrative appraisal proceeding. Cf. *Lebold v. Inland Steel Co.*, supra.

The term "value", as used in § 215a, is not further defined by statute. In considering that section, it has been held that "[t]here are many ways to value a share of stock." *Beerly v. Department of Treasury*, 768 F.2d 942, 945 (7th Cir.1985). A determination of such value based upon four methods of appraisal has been approved. *Id.* State statutes providing a similar remedy for a dissenting shareholder have received similar interpretations concerning the determination of "value" or "fair value" of the shares of a dissenting shareholder. For example see, *In Re Valuation of Common Stock of Libby, McNeill & Libby*, 406 A.2d 54 (Me.1979); *Flarsheim v. Twenty Five Thirty Two Broadway Corp.*, 432 S.W.2d 245 (Mo. 1968); *Phelps v. Watson-Stillman Co.*, 365 Mo. 1124, 293 S.W.2d 429 (1956); *Dreiseszun v. FLM Industries, Inc.*, 577 S.W.2d 902 (Mo.App.1979); Annot., Corporations— Valuation of Stock, 48 A.L.R.3d 430 (1973).

*Walter J. Schloss Associates v. Arkwin Inds.*, 90 A.D.2d 149, 455 N.Y.S.2d 844 (1982), *rev'd.* 61 N.Y.S.2d 700, 472 N.Y.S.2d 605, 460 N.E.2d 1090 (1982) must be recognized. Under a broad statute providing for a judicial appraisal, a dissenting judge in the intermediate appellate court said: "[T]he full and proper monetary recovery of the fair value of dissenters' shares may be obtained in appraisal proceedings in which the discharge of the majority's fiduciary duty to the minority can be weighed

in determining fair value...." *Walter J. Schloss Associates v. Arkwin, Inds.*, supra, 455 N.Y.S.2d at 852. The Court of Appeals adopted the reasoning of that dissent and reversed the decision of the Supreme Court, Appellate Division. However, this court finds that case unpersuasive.

Authorities generally recognize that such an appraisal is not a proper or adequate forum for the determination of damages. "Moreover, since there is *no evidence* of any breach of fiduciary duty owed plaintiff by defendants, and the merger was neither unauthorized by statute, illegal nor ultra vires under Ohio corporation law, the Ohio statutory appraisal right constituted plaintiffs' exclusive state law remedy." *Howing Co. v. Nationwide Corp.*, 625 F.Supp. 146, 157 (S.D.Ohio 1985) (emphasis added). Also, "plaintiff is not seeking only a judicial valuation of his equity interest in Peoria.... Plaintiff is seeking the 'value, plus' that defendants insist is required for the maintenance of an independent suit under Illinois law." *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1334 (7th Cir.1969). A basis for determining that a statutory appraisal remedy is not an exclusive remedy has been summarized.

A number of cases discussing exclusiveness have concerned claims by a dissenter *based on misconduct preceding* the proposed transaction, or efforts by the majority to mislead the dissenter or the appraiser as to the value of the stock. In each of these instances a perfect, all-knowing process of appraisal would negate the effects of the misconduct and ensure the dissenter his full prorata share. But, as already discussed, the appraisal remedy has enough inherent limitations in fixing adequate value, even when not faced with the difficulty of putting a price tag on possible derivative claims or deliberate efforts to distort the process.

Vorenberg, Exclusiveness of the Dissenting Stockholder's Appraisal Right, 77 Harv. L.Rev. 1189, 1210 (1964) (emphasis added).

That consideration is particularly applicable to the remedy of an administrative ap-

praisal as distinguished from a judicial appraisal. Most compelling is the inappropriateness of an appraisal under § 215a to award damages for the breach of a fiduciary duty. To award such damages under that procedure could be to force a corporation in which others had an interest to pay for the malfeasance of majority shareholders, directors or officers.

■ As stated, the defendants' first contention is that the first amended petition stated no cause of action because of the administrative appraisal procedure provided by § 215a. That contention must be considered to assert an affirmative defense to a cause of action stated by that petition. It is well settled, "[f]or an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading." *McLeod v. Marion Laboratories, Inc.*, 600 S.W.2d 656, 657 (Mo.App.1980). Also see *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769 (Mo.App.1983).

This court has not been cited to any authority holding that damages for wrongfully withholding dividends for three years before a merger may be awarded in an administrative appraisal under § 215a. This court finds such a contention to be unsupported by logic or authority. To determine and award such damages in an administrative appraisal is contrary to the language of the statute. The petition does not irrefutably establish that plaintiff's cause of action for defendants' breach of fiduciary duty is barred by the administrative appraisal procedure under § 215a. See *Mullen v. Academy Life Ins. Co.*, supra; *Rabkin v. Philip A. Hunt Chemical Corp.*, 498 A.2d 1099 (Del.1985); 18A Am. Jur.2d Corporations § 771 (1985).

A second contention of the defendants is also based upon § 215a. That section conditions a merger upon approval by the Comptroller of the Currency. 12 C.F.R. § 5.33(e) provides the "statutory notice requirements should be observed by applicants...." 12 C.F.R. § 5.01 et seq. provides the procedure applicable to such approval. 12 C.F.R. § 5.10 provides for the

submission of written comments and data concerning the application to the comptroller. That section also authorizes any person to submit a written request for a hearing upon the application. 12 C.F.R. § 5.11 prescribes procedure if a hearing is held.

■ The defendants' second contention is that the petition establishes that the cause of action otherwise pleaded is barred by reason of the approval of the merger by the comptroller. To support that contention they first argue plaintiff did not exhaust his exclusive administrative remedy before the comptroller. They rely upon *Nehring v. First DeKalb Bancshares, Inc.*, 692 F.2d 1138 (7th Cir.1982). That case holds, "Congress explicitly vested the Comptroller of the Currency, and not the district courts, with the authority to evaluate merger plans in light of the requirements of § 215a and to disapprove unlawful mergers." *Id.* at 1142. As stated, in this case the plaintiff does not seek to bar or unravel the merger.

The defendants also argue that since the plaintiff did not present his claim of the defendants' malfeasance before the comptroller, he may not present that claim in this action. While the defendants do not invoke the doctrine by name, this argument requires consideration of collateral estoppel. Although the doctrine, as applied to administrative determinations is not fully delineated, it is in some form applicable to those determinations. *Cooper v. Yellow Freight Systems, Inc.*, 589 S.W.2d 643 (Mo. App.1979); 2 Am.Jur.2d Administrative Law § 502 (1962).

It is sufficient to note that one clearly established limitation upon that doctrine is that the issue in question must have been cognizable in the administrative proceeding. *Anthan v. Professional Air Traffic Controllers Org.*, 672 F.2d 706 (8th Cir. 1982). Also cf. *Allan v. McCurry*, 449 U.S. 90, 101 S.Ct. 441, 66 L.Ed.2d 308 (1980). 12 C.F.R. § 5.33(b) provides: "A merger which would not have a substantially adverse effect on competition and which would be beneficial to the merging banks and to the public normally will be ap-

proved." 12 C.F.R. § 5.33(b)(2) sets forth six "evaluative factors" to be considered in evaluating a merger application. Neither the statute nor the regulation provide for the consideration and the determination of claims for damages against a majority shareholder in a merging bank.

Nothing on the face of the first amended petition irrefutably establishes that the approval procedure before the comptroller bars the plaintiff's cause of action. Nor does any other argument advanced by the defendants establish such a bar.

As stated, the first amended petition states a cause of action against Banc-shares as a majority shareholder. However, the plaintiff advances no legal theory to support the petition against National as the receiving bank. This court finds none.

The judgment entered insofar as it dismissed the first amended petition against Banc-shares is reversed. The judgment entered insofar as it dismissed the first amended petition against National is affirmed. The cause as to Banc-shares is remanded for further proceedings.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.